# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 23-7010                               September Term, 2023

FILED ON: DECEMBER 29, 2023

CONRAD P. SMITH, ET AL.,
        APPELLEES

v.

DONALD J. TRUMP, SOLELY IN HIS PERSONAL CAPACITY,
        APPELLANT

DONALD J. TRUMP FOR PRESIDENT, INC., ET AL.,
        APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:21-cv-2265-APM)

Before: SRINIVASAN, *Chief Judge*, GARCIA, *Circuit Judge*, and ROGERS, *Senior Circuit Judge*.

**JUDGMENT**

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. *See* D.C. Cir. R. 34(j). The panel has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is hereby

**ORDERED AND ADJUDGED** that the district court's denial of Appellant's motion to dismiss the claims against him on the grounds of presidential immunity be **AFFIRMED**.

In *Blassingame v. Trump*, 87 F.4th 1 (D.C. Cir. 2023), this court held that former President Donald J. Trump had failed to demonstrate, at the motion-to-dismiss stage, that he was entitled to absolute presidential immunity from certain civil damages claims against him. *Id.* at 3–5. Those claims arose out of actions he allegedly had taken related to the January 6, 2021 Capitol riot. *Id.* at 4. President Trump had contended that he should be afforded immunity because his alleged actions constituted speech on matters of public concern. *Id.* at 5, 14. Such speech was, in his

2

view, "invariably an official function." *Id.* at 5. We rejected that argument. The Supreme Court, we observed, has made clear that "absolute presidential immunity . . . is an 'official immunity,' that extends no further than the outer perimeter of a President's official responsibility." *Id.* at 13 (quoting *Clinton v. Jones*, 520 U.S. 681, 693–94 (1997)). And we reasoned that although a President often acts officially when speaking on matters of public concern, he does not always do so. *Id.* at 14–16. A public-concern test, we therefore concluded, was "ill-suited" to determining President Trump's entitlement to immunity. *Id.* at 16. The salient question in *Blassingame*, we explained, was instead whether President Trump's alleged actions reasonably could be understood as official functions of the presidency, in which case official-act immunity would attach, or, alternatively, whether they reasonably could be understood only as re-election activity, in which case it would not. *See id.* at 16–19.

This case is indistinguishable from *Blassingame* in all relevant respects. The plaintiffs seek damages from President Trump (among others) for actions he allegedly took in connection with the January 6 riot. On appeal, the only question is whether President Trump has demonstrated his entitlement to official-act immunity. *See Harlow v. Fitzgerald*, 457 U.S. 800, 812 (1982) ("The burden of justifying absolute immunity rests on the official asserting the claim."). He argues, as he did in *Blassingame*, that he is entitled to immunity because his alleged actions amounted to speech on matters of public concern. That argument fails for the reasons explained in *Blassingame*: "whether [President Trump's] actions involved speech on matters of public concern bears no inherent connection to the essential distinction between official and unofficial acts." 87 F.4th at 14.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

**Per Curiam**

        **FOR THE COURT:**
        Mark J. Langer, Clerk

BY:  /s/
      Michael C. McGrail
      Deputy Clerk