# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:21−cv−02265−APM</u>

SMITH et al v. TRUMP et al
Assigned to: Judge Amit P. Mehta
 Cases:  1:21−cv−00400−APM
         1:21−cv−00586−APM
         1:21−cv−00858−APM
         1:21−cv−03267−APM
Cause: 48:1985 Conspiracy/Deprivation Civil Rights

Date Filed: 08/26/2021
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**<u>Plaintiff</u>**

**CONRAD SMITH**                    represented by   **Elizabeth Snow**
SELENDY GAY ELSBERG PLLC
1290 Avenue of the Americas
New York
New York, NY 10104
212−390−9000
Email: esnow@selendygay.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Faith E. Gay**
SELENDY GAY ELSBERG PLLC
1290 Avenue of the Americas
17th Floor
New York, NY 10104
212−390−9000
Fax: 212−390−9399
Email: fgay@selendygay.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jon M. Greenbaum**
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW
1500 K Street, NW
Suite 900
Washington, DC 20005
(202) 662−8325
Email: jgreenbaum@lawyerscommittee.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald J. Krock**
SELENDY & GAY, PLLC

1290 Avenue of the Americas
New York, NY 10104
(212) 390−9010
Email: rkrock@selendygay.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adonne Washington**
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW
District of Columbia
1500 K Street NW
Suite 900
Washington
Washington, DC 20005
269−929−4425
Email: awashington@lawyerscommittee.org
*TERMINATED: 07/15/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Claire O'Brien**
SELENDY GAY ELSBERG PLLC
1290 Avenue of the Americas
Floor 17
New York, NY 10104
212−390−9000
Email: cobrien@selendygay.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David Ryan Brody**
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW
1500 K St. NW
Suite 900
Washington, DC 20005
202−662−8320
Email: dbrody@lawyerscommittee.org
*ATTORNEY TO BE NOTICED*

**Denae Kassotis**
SELENDY GAY ELSBERG PLLC
1290 Sixth Avenue
New York, NY 10104
212−390−9000
Email: dkassotis@selendygay.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Douglas Wagner**
SELENDY GAY ELSBERG PLLC

1290 Avenue of the Americas
New York, NY 10104
212−390−9000
Email: dwagner@selendygay.com
*TERMINATED: 01/24/2023*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joshua S. Margolin**
SELENDY GAY ELSBERG PLLC
1290 Avenue of the Americas
New York, NY 10104
212−390−9000
Email: jmargolin@selendygay.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marc Philip Epstein**
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW
1500 K Street NW
Suite 900
Washington, DC 20005
202−662−8318
Email: mepstein@lawyerscommittee.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Noah Baron**
ELIAS LAW GROUP LLP
250 Massachusetts Avenue NW
Suite 400
Washington, DC 20001
202−968−4556
Email: nbaron@lawyerscommittee.org
*TERMINATED: 10/15/2021*
*ATTORNEY TO BE NOTICED*

**Edward G. Caspar**
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW
1500 K Street, NW
Suite 900
Washington, DC 20005
202−662−8390
Email: ecaspar@lawyerscommittee.org
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**DANNY MCELROY**             represented by  **Elizabeth Snow**
                              (See above for address)
                              *LEAD ATTORNEY*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Faith E. Gay**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jon M. Greenbaum**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald J. Krock**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adonne Washington**
(See above for address)
*TERMINATED: 07/15/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Claire O'Brien**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David Ryan Brody**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Denae Kassotis**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Douglas Wagner**
(See above for address)
*TERMINATED: 01/24/2023*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joshua S. Margolin**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marc Philip Epstein**
(See above for address)

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Noah Baron**
(See above for address)
*TERMINATED: 10/15/2021*
*ATTORNEY TO BE NOTICED*

**Edward G. Caspar**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**BYRON EVANS**                    represented by    **Elizabeth Snow**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Faith E. Gay**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jon M. Greenbaum**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald J. Krock**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adonne Washington**
(See above for address)
*TERMINATED: 07/15/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Claire O'Brien**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David Ryan Brody**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Denae Kassotis**
(See above for address)

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Douglas Wagner**
(See above for address)
*TERMINATED: 01/24/2023*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joshua S. Margolin**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marc Philip Epstein**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Noah Baron**
(See above for address)
*TERMINATED: 10/15/2021*
*ATTORNEY TO BE NOTICED*

**Edward G. Caspar**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**GOVERNOR LATSON**                    represented by    **Elizabeth Snow**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Faith E. Gay**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jon M. Greenbaum**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald J. Krock**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adonne Washington**

(See above for address)
*TERMINATED: 07/15/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Claire O'Brien**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David Ryan Brody**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Denae Kassotis**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Douglas Wagner**
(See above for address)
*TERMINATED: 01/24/2023*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joshua S. Margolin**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marc Philip Epstein**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Noah Baron**
(See above for address)
*TERMINATED: 10/15/2021*
*ATTORNEY TO BE NOTICED*

**Edward G. Caspar**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**MELISSA MARSHALL**                    represented by  **Elizabeth Snow**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Faith E. Gay**

7

(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jon M. Greenbaum**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald J. Krock**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adonne Washington**
(See above for address)
*TERMINATED: 07/15/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Claire O'Brien**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David Ryan Brody**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Denae Kassotis**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Douglas Wagner**
(See above for address)
*TERMINATED: 01/24/2023*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joshua S. Margolin**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marc Philip Epstein**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Noah Baron**

(See above for address)
*TERMINATED: 10/15/2021*
*ATTORNEY TO BE NOTICED*

**Edward G. Caspar**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**MICHAEL FORTUNE**                represented by    **Elizabeth Snow**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Faith E. Gay**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jon M. Greenbaum**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald J. Krock**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adonne Washington**
(See above for address)
*TERMINATED: 07/15/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Claire O'Brien**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David Ryan Brody**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Denae Kassotis**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Douglas Wagner**

(See above for address)
*TERMINATED: 01/24/2023*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joshua S. Margolin**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marc Philip Epstein**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Noah Baron**
(See above for address)
*TERMINATED: 10/15/2021*
*ATTORNEY TO BE NOTICED*

**Edward G. Caspar**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**JASON DEROCHE**                    represented by   **Elizabeth Snow**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Faith E. Gay**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jon M. Greenbaum**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ronald J. Krock**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adonne Washington**
(See above for address)
*TERMINATED: 07/15/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Claire O'Brien**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David Ryan Brody**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Denae Kassotis**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Douglas Wagner**
(See above for address)
*TERMINATED: 01/24/2023*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joshua S. Margolin**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marc Philip Epstein**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Noah Baron**
(See above for address)
*TERMINATED: 10/15/2021*
*ATTORNEY TO BE NOTICED*

**Edward G. Caspar**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**REGINALD CLEVELAND**                represented by **Elizabeth Snow**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Faith E. Gay**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ronald J. Krock**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Claire O'Brien**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David Ryan Brody**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Denae Kassotis**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Douglas Wagner**
(See above for address)
*TERMINATED: 01/24/2023*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joshua S. Margolin**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marc Philip Epstein**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Edward G. Caspar**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**DONALD J. TRUMP**
*solely in his personal capacity*

represented by **Jesse R Binnall**
BINNALL LAW GROUP
717 King Street
Suite 200
Alexandria, VA 22314
703−888−1943
Email: jesse@binnall.com
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Defendant**

**DONALD J. TRUMP FOR PRESIDENT, INC.**

represented by **Jesse R Binnall**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**STOP THE STEAL L.L.C.**

**Defendant**

**ALI ALEXANDER**
*also known as*
ALI ABDUL RAZAQ

represented by **Paul Douglas Kamenar**
LAW OFFICE OF PAUL D. KAMENAR
1629 K Street, NW
Suite 300
Washington, DC 20006
(202) 603−5397
Fax: (202) 588−0386
Email: paul.kamenar@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**BRANDON J. STRAKA**

represented by **Stephen R. Klein**
BARR & KLEIN PLLC
1629 K Street NW
Suite 300
Washington, DC 20006
202−804−6676
Email: steve@barrklein.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin Barr**
BARR & KLEIN PLLC
444 N. Michigan Avenue
Chicago, IL 60611
202−595−4671
Email: ben@barrklein.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**ROGER J. STONE, JR.**

represented by **Robert C Buschel**
BUSCHEL & GIBBONS, P.A.
501 East Las Olas Boulevard
Suite 304
Fort Lauderdale, FL 33301
954−530−5748

Email: Buschel@bglaw−pa.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Grant J. Smith**
STRATEGYSMITH, P.A.
401 East Las Olas Boulevard
Suite 130−120
Fort Lauderdale, FL 33301
954−328−9064
Email: gsmith@strategysmith.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**PROUD BOYS**
*an unincorporated association*

**Defendant**

**PROUD BOYS INTERNATIONAL, L.L.C.**

**Defendant**

**ENRIQUE TARRIO**                    represented by    **John Daniel Hull , IV**
HULL MCGUIRE PC
1420 N Street, NW
Washington, DC 20005
202−429−6520
Fax: 412−261−2627
Email: jdhull@hullmcguire.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**ETHAN NORDEAN**                    represented by    **Nicholas D. Smith**
DAVID B. SMITH PLLC
1123 Broadway
Townsend Building
Suite 909
New York, NY 10010
917−902−3869
Email: nds@davidbsmithpllc.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOSEPH R. BIGGS**                    represented by    **John Daniel Hull , IV**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**ZACHARY REHL**                     represented by  **Jonathon Alden Moseley**
JONATHAN MOSELEY ATTORNEY
AT LAW
5765−F Burke Centre Parkway
#337
Burke, VA 22015
703−656−1230
Fax: 703−997−0937
Email: contact@jonmoseley.com
*TERMINATED: 04/13/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patrick Trainor**
LAW OFFICE OF PATRICK TRAINOR,
ESQ., LLC
19 Union Avenue
Suite 201
Rutherford, NJ 07070
201−777−3327
Email: pt@ptesq.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**CHARLES DONOHOE**

**Defendant**

**DOMINIC J. PEZZOLA**

**Defendant**

**OATH KEEPERS**

**Defendant**

**STEWART RHODES**

**Defendant**

**THOMAS E. CALDWELL**               represented by  **THOMAS E. CALDWELL**
P.O. Box 1120
Berryville, VA 22611
540−303−3956
PRO SE

**Defendant**

**JESSICA WATKINS**

**Defendant**

**KELLY MEGGS**                    represented by  **Juli Zsuzsa Haller**
                                                   LAW OFFICES OF JULIA HALLER
                                                   601 Pennsylvania Avenue, NW
                                                   Suite 900
                                                   S. Building
                                                   Washington, DC 20036
                                                   202−352−2615
                                                   Email: hallerjulia@outlook.com
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**ALAN HOSTETTER**                 represented by  **ALAN HOSTETTER**
                                                   PRO SE

**Defendant**

**RUSSELL TAYLOR**                 represented by  **Dyke Huish**
                                                   LAW OFFICE OF DYKE HUISH
                                                   26161 Marguerite Parkway
                                                   Suite B
                                                   Mission Viejo, CA 92692
                                                   949−257−3068
                                                   Email: huishlaw@mac.com
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**ERIK SCOTT WARNER**              represented by  **ERIK SCOTT WARNER**
                                                   28574 Moonshadow Dr.
                                                   Menifee, CA 92584
                                                   PRO SE

**Defendant**

**FELIPE ANTONIO MARTINEZ**        represented by  **Nicholas D. Smith**
*TONY*                                             (See above for address)
                                                   *PRO HAC VICE*
                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**DEREK KINNISON**                 represented by  **Nicholas D. Smith**
                                                   (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *PRO HAC VICE*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Nicolai Cocis**
                                                   LAW OFFICE OF NICOLAI COCIS
                                                   25026 Las Brisas Road

Murrieta, CA 92562
951−695−1400
Email: nic@cocislaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**RONALD MELE**                    represented by    **Steven C. Bailey**
                                                     BAILEY & ROMERO LAW
                                                     680 Placerville Drive
                                                     Suite A1
                                                     Placerville, CA 95667
                                                     530−212−3407
                                                     Email: steven@stevencbailey.org
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN DOES**
*1−10*

**Defendant**

**MAKE AMERICA GREAT AGAIN**       represented by    **Jesse R Binnall**
**PAC**                                              (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Amicus**

**RECONSTRUCTION ERA**             represented by    **Eric Lawrence Klein**
**SCHOLARS**                                         BEVERIDGE & DIAMOND PC
                                                     155 Federal Street
                                                     Suite 1600
                                                     Boston, MA 02110−1716
                                                     6174192316
                                                     Fax: 6174192301
                                                     Email: eklein@bdlaw.com
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 08/26/2021 | 1 | | COMPLAINT against All Defendants with Jury Demand ( Filing fee $ 402 receipt number ADCDC−8692265) filed by MICHAEL FORTUNE, JASON DEROCHE, GOVERNOR LATSON, BYRON EVANS, CONRAD SMITH, DANNY L. MCELROY, MELISSA MARSHALL. (Attachments: # 1 Civil Cover Sheet, # 2 Summons, # 3 Summons, # 4 Summons, # 5 Summons, # 6 Summons, # 7 Summons, # 8 Summons, # 9 Summons, # 10 Summons, # 11 Summons, # 12 Summons, # 13 Summons, # 14 Summons, # 15 Summons, # 16 Summons, # 17 Summons, # 18 Summons, # 19 Summons, # 20 Summons, # 21 |

| | | | |
|---|---|---|---|
| | | | Summons, # 22 Summons, # 23 Summons, # 24 Summons, # 25 Summons, # 26 Summons)(Caspar, Edward) (Entered: 08/26/2021) |
| 08/26/2021 | 2 | | NOTICE of Appearance by Noah Baron on behalf of All Plaintiffs (Baron, Noah) (Entered: 08/26/2021) |
| 08/26/2021 | 3 | | NOTICE of Appearance by Jon M. Greenbaum on behalf of All Plaintiffs (Greenbaum, Jon) (Entered: 08/26/2021) |
| 08/26/2021 | 4 | | NOTICE OF RELATED CASE by All Plaintiffs. Case related to Case No. 1:21−cv−586−APM, 1:21−cv−400−APM, and 1:21−cv−858− APM. (Caspar, Edward) Modified on 8/26/2021 to edit docket text (znmg). (Entered: 08/26/2021) |
| 08/26/2021 | 5 | | NOTICE of Appearance by David Ryan Brody on behalf of All Plaintiffs (Brody, David) (Entered: 08/26/2021) |
| 08/26/2021 | | | NOTICE OF ERROR re 3 Notice of Appearance; emailed to jgreenbaum@lawyerscommittee.org, cc'd 11 associated attorneys −− The PDF file you docketed contained errors: 1. Attorney is provisional. Please renew your membership. See https://www.dcd.uscourts.gov/attorney−admissions−and−renewal−information., 2. **COMPLIANCE DEADLINE is by close of business today. This case will not proceed any further until all errors are satisfied.** (znmg, ) (Entered: 08/26/2021) |
| 08/26/2021 | | | Case Assigned to Judge Amit P. Mehta. (znmg) (Entered: 08/26/2021) |
| 08/26/2021 | 6 | | SUMMONS (25) Issued Electronically as to ALI ALEXANDER, JOSEPH R. BIGGS, THOMAS E. CALDWELL, DONALD J. TRUMP FOR PRESIDENT, INC., CHARLES DONOHOE, ALAN HOSTETTER, DEREK KINNISON, FELIPE ANTONIO MARTINEZ, KELLY MEGGS, RONALD MELE, ETHAN NORDEAN, OATH KEEPERS, DOMINIC J. PEZZOLA, PROUD BOYS, PROUD BOYS INTERNATIONAL, L.L.C., ZACHARY REHL, STEWART RHODES, ROGER J. STONE, JR, STOP THE STEAL L.L.C., BRANDON J. STRAKA, ENRIQUE TARRIO, RUSSELL TAYLOR, DONALD J. TRUMP, ERIK SCOTT WARNER, and JESSICA WATKINS. (Attachment: # 1 Notice and Consent) (znmg) (Entered: 08/26/2021) |
| 09/01/2021 | 7 | | WAIVER OF SERVICE. DONALD J. TRUMP waiver sent on 9/1/2021, answer due 10/31/2021. (Caspar, Edward) (Entered: 09/01/2021) |
| 09/01/2021 | 8 | | WAIVER OF SERVICE. DONALD J. TRUMP FOR PRESIDENT, INC. waiver sent on 9/1/2021, answer due 10/31/2021. (See Docket entry 7 to view document). (zsb) (Entered: 09/10/2021) |
| 09/15/2021 | 9 | | NOTICE of Appearance by Robert C Buschel on behalf of ROGER J. STONE, JR (Buschel, Robert) (Entered: 09/15/2021) |
| 09/22/2021 | 10 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. JOSEPH R. BIGGS served on 9/7/2021, answer due 9/28/2021 (Caspar, Edward) (Entered: 09/22/2021) |
| 09/22/2021 | 11 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. CHARLES DONOHOE served on 9/3/2021, answer due 9/24/2021 (Caspar, Edward) (Entered: 09/22/2021) |

| 09/22/2021 | 12 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. JESSICA WATKINS served on 9/15/2021, answer due 10/6/2021 (Caspar, Edward) (Entered: 09/22/2021) |
|---|---|---|
| 09/22/2021 | 13 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. KELLY MEGGS served on 9/15/2021, answer due 10/6/2021 (Caspar, Edward) (Entered: 09/22/2021) |
| 09/22/2021 | 14 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. DOMINIC J. PEZZOLA served on 9/15/2021, answer due 10/6/2021 (Caspar, Edward) (Entered: 09/22/2021) |
| 09/22/2021 | 15 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. ROGER J. STONE, JR served on 9/15/2021, answer due 10/6/2021 (Caspar, Edward) (Entered: 09/22/2021) |
| 09/29/2021 | 16 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. ZACHARY REHL served on 9/14/2021, answer due 10/5/2021 (Caspar, Edward) (Entered: 09/29/2021) |
| 09/29/2021 | 17 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. ENRIQUE TARRIO served on 9/23/2021, answer due 10/14/2021 (Caspar, Edward) (Entered: 09/29/2021) |
| 09/29/2021 | 18 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. PROUD BOYS served on 9/23/2021, answer due 10/14/2021 (Caspar, Edward) (Entered: 09/29/2021) |
| 10/01/2021 | 19 | Unopposed MOTION for Extension of Time to *File Motion to Dismiss* by ROGER J. STONE, JR. (Attachments: # 1 Text of Proposed Order)(Buschel, Robert) (Entered: 10/01/2021) |
| 10/01/2021 |  | MINUTE ORDER granting Defendant Roger Stone's Unopposed Motion for Extension of Time to File Motion to Dismiss, ECF No. 19 . Defendant shall answer or otherwise respond to the Complaint by October 31, 2021. Signed by Judge Amit P. Mehta on 10/01/2021. (lcapm3) (Entered: 10/01/2021) |
| 10/01/2021 | 20 | NOTICE of Appearance by Jonathon Alden Moseley on behalf of ZACHARY REHL (Moseley, Jonathon) (Entered: 10/01/2021) |
| 10/04/2021 | 21 | NOTICE of Appearance by Grant J. Smith on behalf of ROGER J. STONE, JR (Smith, Grant) (Entered: 10/04/2021) |
| 10/04/2021 | 22 | NOTICE of Appearance by Nicholas D. Smith on behalf of FELIPE ANTONIO MARTINEZ (Smith, Nicholas) (Entered: 10/04/2021) |
| 10/04/2021 | 23 | ANSWER to Complaint by ZACHARY REHL. (Attachments: # 1 Exhibit A: Some Permits Issued by the U.S. Capitol Police for demonstrations on January 6, # 2 Exhibit B: Reuters article citing FBI leak: Scant evidence of advance planning, # 3 Exhibit C: BUZZFEED article: 6 permits issued by US Capitol Police for demonstrations on January 6, # 4 Exhibit D: Article FBI finds little evidence of organizing violence of Capitol riot)(Moseley, Jonathon) (Entered: 10/04/2021) |
| 10/04/2021 | 24 | MOTION to Stay *of case pending criminal trials of most Defendants* by ZACHARY REHL. (Moseley, Jonathon) (Entered: 10/04/2021) |

| 10/05/2021 | 25 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. THOMAS E. CALDWELL served on 9/22/2021, answer due 10/13/2021 (Caspar, Edward) (Entered: 10/05/2021) |
|---|---|---|
| 10/05/2021 | 26 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. DEREK KINNISON served on 9/23/2021, answer due 10/14/2021 (Caspar, Edward) (Entered: 10/05/2021) |
| 10/05/2021 | 27 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. BRANDON J. STRAKA served on 9/23/2021, answer due 10/14/2021 (Caspar, Edward) (Entered: 10/05/2021) |
| 10/05/2021 | 28 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. RUSSELL TAYLOR served on 9/23/2021, answer due 10/14/2021 (Caspar, Edward) (Entered: 10/05/2021) |
| 10/05/2021 | 29 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. ERIK SCOTT WARNER served on 9/25/2021, answer due 10/16/2021 (Caspar, Edward) (Entered: 10/05/2021) |
| 10/05/2021 | 30 | Unopposed MOTION for Extension of Time to File Response/Reply *to the Complaint* by KELLY MEGGS. (Attachments: # 1 Text of Proposed Order)(Haller, Juli) (Entered: 10/05/2021) |
| 10/05/2021 | 31 | MOTION to Strike 1 Complaint,, *under Rule 12(f) immaterial, impertinent, or scandalous matter calling Defendants racist or White supremacists* by ZACHARY REHL. (Attachments: # 1 Memorandum in Support, # 2 Exhibit A: Statistics of Jury Pool opposition to Trump, # 3 Exhibit B: Google search of reports of lawsuit, # 4 Exhibit C: News coverage in Washington Post, # 5 Exhibit D: News coverage in Washington Times, # 6 Text of Proposed Order)(Moseley, Jonathon) (Entered: 10/05/2021) |
| 10/06/2021 | 32 | SUPPLEMENTAL MEMORANDUM re re 31 MOTION to Strike 1 Complaint,, *under Rule 12(f) immaterial, impertinent, or scandalous matter calling Defendants racist or White supremacists attaching copy of Civil Rights Act of 1871 as originally published* filed by ZACHARY REHL. (Attachments: # 1 Supplement Copy of Public Law (P.L.) 42−22 (April 20, 1871) –– Session 42, Chapter 22; 17 Stat. 13)(Moseley, Jonathon) (Entered: 10/06/2021) |
| 10/06/2021 | | MINUTE ORDER granting Defendant Kelly Meggs's 30 Unopposed Motion for Extension of Time to File a Response to 1 Complaint. Defendant Meggs shall answer or otherwise respond to Complaint by November 12, 2021. Signed by Judge Amit P. Mehta on 10/06/2021. (lcapm3). (Entered: 10/06/2021) |
| 10/06/2021 | 33 | NOTICE of Appearance by Nicholas D. Smith on behalf of ETHAN NORDEAN (Smith, Nicholas) (Entered: 10/06/2021) |
| 10/06/2021 | 34 | Unopposed MOTION for Extension of Time to *file response to the Complaint* by ETHAN NORDEAN. (Smith, Nicholas) (Entered: 10/06/2021) |
| 10/06/2021 | | MINUTE ORDER granting Defendant Ethan Nordean's 34 Unopposed Motion for Extension of Time to File Response to the 1 Complaint. Defendant Nordean shall answer or otherwise respond to Complaint by November 12, 2021. Signed by Judge Amit P. Mehta on 10/06/2021. (lcapm3). (Entered: 10/06/2021) |
| 10/07/2021 | 35 | |

| | | |
|---|---|---|
| | | NOTICE of Appearance by Stephen R. Klein on behalf of BRANDON J. STRAKA (Klein, Stephen) (Entered: 10/07/2021) |
| 10/08/2021 | 36 | Supplemental MOTION to Strike 31 MOTION to Strike 1 Complaint,, *under Rule 12(f) immaterial, impertinent, or scandalous matter calling Defendants racist or White supremacists,* 1 Complaint,, by ZACHARY REHL. (Moseley, Jonathon) (Entered: 10/08/2021) |
| 10/08/2021 | 58 | ANSWER to Complaint by THOMAS E. CALDWELL.(eg) (Entered: 10/22/2021) |
| 10/11/2021 | 37 | MOTION to Stay re 1 Complaint,, *re 90−day stay of case* by ETHAN NORDEAN. (Smith, Nicholas) (Entered: 10/11/2021) |
| 10/12/2021 | 38 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. ETHAN NORDEAN served on 9/20/2021, answer due 10/11/2021 (Caspar, Edward) (Entered: 10/12/2021) |
| 10/12/2021 | 39 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. OATH KEEPERS served on 9/23/2021, answer due 10/14/2021 (Caspar, Edward) (Entered: 10/12/2021) |
| 10/13/2021 | 40 | Unopposed MOTION for Extension of Time to File Response/Reply as to 24 MOTION to Stay *of case pending criminal trials of most Defendants* by JASON DEROCHE, BYRON EVANS, GOVERNOR LATSON, MELISSA MARSHALL, DANNY MCELROY, CONRAD SMITH. (Attachments: # 1 Text of Proposed Order)(Caspar, Edward) (Entered: 10/13/2021) |
| 10/13/2021 | 41 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. RONALD MELE served on 10/5/2021, answer due 10/26/2021 (Caspar, Edward) (Entered: 10/13/2021) |
| 10/13/2021 | | MINUTE ORDER granting Plaintiffs' Unopposed Motion for Extension of Time to File Response to Defendant Rehl's Motion for Stay, ECF No. 40 . Plaintiff shall file a consolidated opposition to Defendants Rehl's and Nordean's motions for stay by October 25, 2021. Signed by Judge Amit P. Mehta on 10/13/2021. (lcapm3) (Entered: 10/13/2021) |
| 10/13/2021 | 42 | NOTICE of Appearance by Dyke Huish on behalf of RUSSELL TAYLOR (Huish, Dyke) (Entered: 10/13/2021) |
| 10/13/2021 | 43 | First ANSWER to Complaint with Jury Demand by RUSSELL TAYLOR.(Huish, Dyke) (Entered: 10/13/2021) |
| 10/13/2021 | 44 | First MOTION to Stay by RUSSELL TAYLOR. (Huish, Dyke) (Entered: 10/13/2021) |
| 10/13/2021 | 45 | NOTICE *of Consent To Any Extension Of Time And Scheduling Of Briefing And Hearing On His Motion For Stay* by ZACHARY REHL re 24 MOTION to Stay *of case pending criminal trials of most Defendants* (Moseley, Jonathon) (Entered: 10/13/2021) |
| 10/14/2021 | 46 | NOTICE of Appearance by Nicolai Cocis on behalf of DEREK KINNISON (Cocis, Nicolai) (Entered: 10/14/2021) |
| 10/14/2021 | 47 | Unopposed MOTION for Extension of Time to File Answer by DEREK KINNISON. (Attachments: # 1 Proposed Order)(Cocis, Nicolai) (Entered: |

| | | | |
|---|---|---|---|
| | | | 10/14/2021) |
| 10/14/2021 | 48 | | MOTION to Dismiss *for Failure to State a Claim*, MOTION to Dismiss for Lack of Jurisdiction by BRANDON J. STRAKA. (Attachments: # 1 Text of Proposed Order)(Klein, Stephen) (Entered: 10/14/2021) |
| 10/14/2021 | 49 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Adonne Washington, Filing fee $ 100, receipt number ADCDC−8799940. Fee Status: Fee Paid. by JASON DEROCHE, BYRON EVANS, MICHAEL FORTUNE, GOVERNOR LATSON, MELISSA MARSHALL, DANNY MCELROY, CONRAD SMITH. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Caspar, Edward) (Entered: 10/14/2021) |
| 10/14/2021 | | | MINUTE ORDER granting 49 Motion for Leave to Appear Pro Hac Vice. Attorney Adonne Washington is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** **Click for instructions**. Signed by Judge Amit P. Mehta on 10/14/2021. (lcapm3) (Entered: 10/14/2021) |
| 10/14/2021 | 50 | | NOTICE of Appearance by Jesse R Binnall on behalf of DONALD J. TRUMP FOR PRESIDENT, INC., DONALD J. TRUMP (Binnall, Jesse) (Entered: 10/14/2021) |
| 10/15/2021 | | | MINUTE ORDER granting Defendant Derek Kinnison's 47 Unopposed Motion for Extension of Time to File Response to the Complaint. Defendant Kinnison shall answer or otherwise respond to 1 Complaint by November 12, 2021. Signed by Judge Amit P. Mehta on 10/15/2021. (lcapm3) (Entered: 10/15/2021) |
| 10/15/2021 | 51 | | NOTICE of Appearance by Adonne Washington on behalf of All Plaintiffs (Washington, Adonne) (Main Document 51 replaced on 10/15/2021) (zeg). (Entered: 10/15/2021) |
| 10/15/2021 | 52 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to JASON DEROCHE, BYRON EVANS, MICHAEL FORTUNE, GOVERNOR LATSON, MELISSA MARSHALL, DANNY MCELROY, CONRAD SMITH. Attorney Noah Baron terminated. (Baron, Noah) (Entered: 10/15/2021) |
| 10/16/2021 | 53 | | MOTION to Stay by DEREK KINNISON. (Attachments: # 1 Proposed Order)(Cocis, Nicolai) (Entered: 10/16/2021) |
| 10/18/2021 | | | MINUTE ORDER. Four individual defendants−−Zachary Rehl, Ethan Nordean, Russell Taylor, and Derek Kinnison−−have filed motions to stay these proceedings. See ECF Nos. 24 , 37 , 44 , 53 . At present, oppositions to Rehl's and Nordean's motions are due on October 25, 2021. Minute Order, Oct. 13, 2021. Plaintiffs shall respond to all motions to stay by October 25, 2021, in a consolidate brief. Defendants may file separate replies by November 1, 2021. Signed by Judge Amit P. Mehta on 10/18/2021. (lcapm3) (Entered: 10/18/2021) |
| 10/18/2021 | 54 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Benjamin T. Barr, Filing fee $ 100, receipt number ADCDC−8805498. Fee Status: Fee Paid. by BRANDON J. STRAKA. (Attachments: # 1 Affidavit of Benjamin T. Barr, # 2 Text of Proposed Order)(Klein, Stephen) (Entered: 10/18/2021) |
| 10/18/2021 | | | MINUTE ORDER granting 54 Motion for Leave to Appear Pro Hac Vice. Attorney Benjamin T. Barr is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e−filing via PACER and file a notice of** |

| | | | |
|---|---|---|---|
| | | | **appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Amit P. Mehta on 10/18/2021. (lcapm3) (Entered: 10/18/2021) |
| 10/18/2021 | 55 | | NOTICE of Appearance by John Daniel Hull, IV on behalf of JOSEPH R. BIGGS (Hull, John) (Entered: 10/18/2021) |
| 10/19/2021 | 56 | | Memorandum in opposition to re 31 MOTION to Strike 1 Complaint,, *under Rule 12(f) immaterial, impertinent, or scandalous matter calling Defendants racist or White supremacists*, 36 Supplemental MOTION to Strike 31 MOTION to Strike 1 Complaint,, *under Rule 12(f) immaterial, impertinent, or scandalous matter calling Defendants racist or White supremacists*, 1 Complaint,, filed by JASON DEROCHE, BYRON EVANS, MICHAEL FORTUNE, GOVERNOR LATSON, MELISSA MARSHALL, DANNY MCELROY, CONRAD SMITH. (Attachments: # 1 Text of Proposed Order)(Caspar, Edward) (Entered: 10/19/2021) |
| 10/20/2021 | 57 | | NOTICE of Appearance by Benjamin Barr on behalf of BRANDON J. STRAKA (Barr, Benjamin) (Entered: 10/20/2021) |
| 10/22/2021 | 59 | | MOTION for Briefing Schedule by JASON DEROCHE, BYRON EVANS, MICHAEL FORTUNE, GOVERNOR LATSON, MELISSA MARSHALL, DANNY MCELROY, CONRAD SMITH. (Attachments: # 1 Text of Proposed Order)(Caspar, Edward) (Entered: 10/22/2021) |
| 10/22/2021 | 60 | | Unopposed MOTION for Extension of Time to File Response/Reply as to 48 MOTION to Dismiss *for Failure to State a Claim* MOTION to Dismiss for Lack of Jurisdiction by JASON DEROCHE, BYRON EVANS, MICHAEL FORTUNE, GOVERNOR LATSON, MELISSA MARSHALL, DANNY MCELROY, CONRAD SMITH. (Attachments: # 1 Text of Proposed Order)(Caspar, Edward) (Entered: 10/22/2021) |
| 10/25/2021 | | | MINUTE ORDER granting in part Plaintiffs' 59 Motion for a Consolidated Briefing Schedule. The court enters the following schedule for further proceedings. Any Defendant who has yet to answer or otherwise respond to the Complaint shall do so by November 12, 2021. In the event that Plaintiffs do not file an Amended Complaint as a matter of right by December 3, 2021, *see* Fed. R. Civ. P. 15(a)(1)(B), they shall file an consolidated opposition brief to all motions to dismiss by December 17, 2021, not to exceed 65 pages. Any reply brief not to exceed 25 pages shall be filed by January 14, 2021. If Plaintiffs file an Amended Complaint as a matter of right, the court will enter the schedule requested by Plaintiffs' motion. Signed by Judge Amit P. Mehta on 10/24/2021. (lcapm3) (Entered: 10/25/2021) |
| 10/25/2021 | | | MINUTE ORDER. As a result of the court's prior Minute Order, Plaintiffs' 60 Unopposed Motion for Extension of Time to File Response/Reply to Defendant Brandon J. Straka's 48 Motion to Dismiss is denied as moot. Signed by Judge Amit P. Mehta on 10/24/2021. (lcapm3) (Entered: 10/25/2021) |
| 10/25/2021 | 61 | | Memorandum in opposition to re 44 First MOTION to Stay , 53 MOTION to Stay , 24 MOTION to Stay *of case pending criminal trials of most Defendants*, 37 MOTION to Stay re 1 Complaint,, *re 90−day stay of case* filed by JASON DEROCHE, BYRON EVANS, MICHAEL FORTUNE, GOVERNOR LATSON, MELISSA MARSHALL, DANNY MCELROY, CONRAD SMITH. (Attachments: # 1 Text of Proposed Order)(Brody, David) (Entered: 10/25/2021) |

| | | |
|---|---|---|
| 10/26/2021 | 62 | REPLY to opposition to motion re 31 MOTION to Strike 1 Complaint,, *under Rule 12(f) immaterial, impertinent, or scandalous matter calling Defendants racist or White supremacists* filed by ZACHARY REHL. (Attachments: # 1 Exhibit Exhibit A: Current Website of Proud Boys of Philadelphia, # 2 Exhibit Exhibit B: Website of Proud Boys of Philadelphia as of December 1 2020, # 3 Exhibit Exhibit C: Bylaws of Philadelphia Proud Boys)(Moseley, Jonathon) (Entered: 10/26/2021) |
| 10/27/2021 | 63 | REPLY to opposition to motion re 37 MOTION to Stay re 1 Complaint,, *re 90−day stay of case* filed by ETHAN NORDEAN. (Smith, Nicholas) (Entered: 10/27/2021) |
| 10/29/2021 | 64 | MOTION to Clarify *Consolidated Briefing Schedule Given Rule 12(a)(1)(A)(ii) and the 60−day Response Rule* by FELIPE ANTONIO MARTINEZ. (Attachments: # 1 Exhibit 1)(Smith, Nicholas) (Entered: 10/29/2021) |
| 10/29/2021 | 65 | WAIVER OF SERVICE. FELIPE ANTONIO MARTINEZ waiver sent on 10/27/2021, answer due 12/26/2021. (Caspar, Edward) (Entered: 10/29/2021) |
| 10/30/2021 | 66 | RESPONSE re 64 MOTION to Clarify *Consolidated Briefing Schedule Given Rule 12(a)(1)(A)(ii) and the 60−day Response Rule* filed by JASON DEROCHE, BYRON EVANS, MICHAEL FORTUNE, GOVERNOR LATSON, MELISSA MARSHALL, DANNY MCELROY, CONRAD SMITH. (Attachments: # 1 Text of Proposed Order)(Caspar, Edward) (Entered: 10/30/2021) |
| 10/30/2021 | 67 | REPLY to opposition to motion re 64 MOTION to Clarify *Consolidated Briefing Schedule Given Rule 12(a)(1)(A)(ii) and the 60−day Response Rule* filed by FELIPE ANTONIO MARTINEZ. (Smith, Nicholas) (Entered: 10/30/2021) |
| 11/01/2021 | | MINUTE ORDER denying as moot Defendant Martinez's Motion to Clarify. The schedule entered on October 25, 2021, applies only to Defendants who were served or consented to service by that date. It does not apply to any Defendant who was served or agreed to service after October 25, 2021, so it would not appear to apply to Defendant Martinez. According to the docket, Defendant Martinez's response is due December 26, 2021. Signed by Judge Amit P. Mehta on 10/31/2021. (lcapm3) (Entered: 11/01/2021) |
| 11/01/2021 | 68 | NOTICE of Appearance by John Daniel Hull, IV on behalf of ENRIQUE TARRIO (Hull, John) (Entered: 11/01/2021) |
| 11/01/2021 | 69 | REPLY to opposition to motion re 44 First MOTION to Stay filed by RUSSELL TAYLOR. (Attachments: # 1 Exhibit Exhibit 1)(Huish, Dyke) (Entered: 11/01/2021) |
| 11/01/2021 | 71 | Letter from Erik Scott Warner "Let this be filed" Signed by Judge Amit P. Mehta on 11/01/2021. (eg) (Entered: 11/04/2021) |
| 11/02/2021 | 70 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. PROUD BOYS INTERNATIONAL, L.L.C. served on 11/2/2021, answer due 11/23/2021 (Caspar, Edward) (Entered: 11/02/2021) |
| 11/05/2021 | 72 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. STOP THE STEAL L.L.C. served on 10/31/2021, answer due 11/21/2021 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Caspar, |

| | | | |
|---|---|---|---|
| | | | Edward) (Entered: 11/05/2021) |
| 11/10/2021 | | | MINUTE ORDER denying various Motions to Stay, ECF Nos. 24 , 37 , 44 , and 53 . Defendants Rehl, Nordean, Taylor, and Kinnison have moved to stay these proceedings either indefinitely or for 90 days. They cite as the primary reason for a stay the possibility that they may be forced to choose between defending themselves in this matter and invoking their 5th Amendment right against self−incrimination given their pending criminal cases. But that is not a prospect that any defendant faces imminently. This case remains in the Rule 12, pre−discovery stage. Under the current schedule, reply briefs in support of motions to dismiss are not due until January 14, 2021. Minute Order, Oct. 25, 2021. A decision on the motions will take some time, so the start of discovery remains months away. Additionally, no defendant has explained why the filing of a Rule 12 motion would compromise his 5th Amendment right. And, to the extent an answer might force a choice, the court will permit any defendant to defer responding to any specific allegation that is directly made about him in the complaint. Thus, the dilemma defendants claim to face will not present itself anytime soon. On the other side of the ledger, a stay for individual defendants risks future delay in this case. A defendant who is not required to move or otherwise respond to the complaint now due to a stay will have to do so later, injecting needless delay in the process. None of this is to say that a stay for any particular individual defendant may not be warranted in the future. It might be. But just not now. Accordingly, defendants' motions for stay are denied without prejudice. Signed by Judge Amit P. Mehta on 11/10/2021. (lcapm3) (Entered: 11/10/2021) |
| 11/10/2021 | 73 | | NOTICE of Appearance by Steven C. Bailey on behalf of RONALD MELE (Bailey, Steven) (Entered: 11/10/2021) |
| 11/12/2021 | 74 | | First MOTION to Dismiss *the Complaint* by ETHAN NORDEAN. (Smith, Nicholas) (Entered: 11/12/2021) |
| 11/12/2021 | 75 | | MOTION to Dismiss for Lack of Jurisdiction by RONALD MELE. (Bailey, Steven) (Entered: 11/12/2021) |
| 11/12/2021 | 76 | | MOTION to Dismiss for Lack of Jurisdiction , MOTION to Dismiss by ROGER J. STONE, JR. (Attachments: # 1 Text of Proposed Order)(Buschel, Robert) (Entered: 11/12/2021) |
| 11/12/2021 | 77 | | NOTICE of Appearance by Nicholas D. Smith on behalf of DEREK KINNISON (Smith, Nicholas) (Entered: 11/12/2021) |
| 11/12/2021 | 78 | | First MOTION to Dismiss *the Complaint* by DEREK KINNISON. (Smith, Nicholas) (Entered: 11/12/2021) |
| 11/12/2021 | 79 | | MOTION to Dismiss by KELLY MEGGS. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Haller, Juli) (Entered: 11/12/2021) |
| 11/12/2021 | 80 | | MOTION to Dismiss *for Lack of Subject Matter Jurisdiction, Lack of Personal Jurisdiction and Failure to State a Claim* by DONALD J. TRUMP FOR PRESIDENT, INC., DONALD J. TRUMP. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Binnall, Jesse) (Entered: 11/12/2021) |
| 11/12/2021 | 81 | | NOTICE *declining to file Motion to Dismiss but Joining and Supporting co−Defendants Motions to Dismiss* by ZACHARY REHL (Moseley, Jonathon) |

| | | | |
|---|---|---|---|
| | | | (Entered: 11/12/2021) |
| 11/15/2021 | 82 | | ANSWER to Complaint with Jury Demand *ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT JOSEPH R. BIGGS* by JOSEPH R. BIGGS.(Hull, John) (Entered: 11/15/2021) |
| 11/20/2021 | 83 | | Unopposed MOTION for Hearing re 31 MOTION to Strike 1 Complaint,, *under Rule 12(f) immaterial, impertinent, or scandalous matter calling Defendants racist or White supremacists requesting Court to set motion for hearing, allow oral argument, and take note that the motion is fully−briefed and ripe for decision* by ZACHARY REHL. (Moseley, Jonathon) (Entered: 11/20/2021) |
| 11/20/2021 | 84 | | Memorandum in opposition to re 83 Unopposed MOTION for Hearing re 31 MOTION to Strike 1 Complaint,, *under Rule 12(f) immaterial, impertinent, or scandalous matter calling Defendants racist or White supremacists requesting Court to set motion for hearing, allow* filed by JASON DEROCHE, BYRON EVANS, MICHAEL FORTUNE, GOVERNOR LATSON, MELISSA MARSHALL, DANNY MCELROY, CONRAD SMITH. (Attachments: # 1 *Text of Proposed Order*)(Caspar, Edward) (Entered: 11/20/2021) |
| 11/23/2021 | 85 | | Unopposed MOTION for Extension of Time to File Answer re 1 Complaint,, *Motion for Extension of Time Until December 10 to Answer or Respond to Complaint* by ENRIQUE TARRIO. (Hull, John) (Entered: 11/23/2021) |
| 11/23/2021 | 86 | | Mail Returned as Undeliverable re: Minute Orders filed 10/25/2021. Sent to Thomas Caldwell. (zjd) (Entered: 11/23/2021) |
| 11/23/2021 | | | MINUTE ORDER granting 85 Unopposed Motion for Extension of Time to File Answer. Defendant Enrique Tarrio shall answer or otherwise respond to the Complaint by December 10, 2021. Signed by Judge Amit P. Mehta on 11/23/2021. (lcapm3) (Entered: 11/23/2021) |
| 11/23/2021 | 87 | | REPLY to opposition to motion re 83 Unopposed MOTION for Hearing re 31 MOTION to Strike 1 Complaint,, *under Rule 12(f) immaterial, impertinent, or scandalous matter calling Defendants racist or White supremacists requesting Court to set motion for hearing, allow* filed by ZACHARY REHL. (Moseley, Jonathon) (Entered: 11/23/2021) |
| 11/24/2021 | 88 | | MOTION for Extension of Time to *Serve Defendants Alexander, Hostetter, and Rhodes* by JASON DEROCHE, BYRON EVANS, MICHAEL FORTUNE, GOVERNOR LATSON, MELISSA MARSHALL, DANNY MCELROY, CONRAD SMITH. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Text of Proposed Order)(Caspar, Edward) (Entered: 11/24/2021) |
| 12/03/2021 | 89 | | AMENDED COMPLAINT against All Defendants with Jury Demand filed by MICHAEL FORTUNE, JASON DEROCHE, GOVERNOR LATSON, BYRON EVANS, CONRAD SMITH, DANNY MCELROY, MELISSA MARSHALL, Reginald Cleveland.(Caspar, Edward) (Entered: 12/03/2021) |
| 12/05/2021 | 90 | | MOTION for Reconsideration re Order on Motion to Stay,,,,,,,,,,,,,,,,,,,,,,,,,, by ZACHARY REHL. (Moseley, Jonathon) (Entered: 12/05/2021) |
| 12/07/2021 | | | MINUTE ORDER. In view of Plaintiffs' filing of an Amended Complaint, ECF No. 89 , and consistent with the court's Minute Order of October 25, 2021, the court enters the following schedule, slightly modified, for further proceedings: |

| | | |
|---|---|---|
| | | (1) by December 10, 2021, Plaintiffs shall file a redline comparison of their Amended Complaint to their original Complaint; (2) by December 23, 2021, Defendants shall file responses to the Amended Complaint, including any answer or Rule 12 motion; (3) by January 17, 2021, Plaintiffs shall file a consolidated opposition brief to all motions to dismiss, not to exceed 65 pages; and (4) by January 31, 2021, Defendants shall file reply briefs in support of their Rule 12 motions. The court views Plaintiff's Amended Complaint as their amendment of a pleading as a matter of right, see Fed. R. Civ. P. 15(a)(1)(B), and therefore considers moot all pending motions to dismiss filed at ECF Nos. 48 , 74 , 75 , 76 , 78 , 79 , and 80 . Signed by Judge Amit P. Mehta on 12/07/2021. (lcapm3) (Entered: 12/07/2021) |
| 12/10/2021 | 91 | AMENDED COMPLAINT , *REDLINED,* against All Defendants with Jury Demand filed by MICHAEL FORTUNE, JASON DEROCHE, GOVERNOR LATSON, BYRON EVANS, CONRAD SMITH, DANNY MCELROY, Reginald Cleveland, MELISSA MARSHALL.(Caspar, Edward) (Entered: 12/10/2021) |
| 12/10/2021 | 92 | Memorandum in opposition to re 90 MOTION for Reconsideration re Order on Motion to Stay,,,,,,,,,,,,,,,,,,,,,,,,, *Response in Opposition* filed by Reginald Cleveland, JASON DEROCHE, BYRON EVANS, MICHAEL FORTUNE, GOVERNOR LATSON, MELISSA MARSHALL, DANNY MCELROY, CONRAD SMITH. (Attachments: # 1 Text of Proposed Order)(Brody, David) Modified on docket event/text 12/13/2021 (zeg). (Entered: 12/10/2021) |
| 12/14/2021 | 93 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. ALI ALEXANDER served on 12/9/2021, answer due 12/30/2021 (Caspar, Edward) (Entered: 12/14/2021) |
| 12/23/2021 | | MINUTE ORDER denying Defendant Zachary Rehl's Motion for Reconsideration on his Motion for Stay, ECF No. 90 . Defendant Rehl offers no valid reason for the court to reconsider its denial of the motion to stay at this juncture. Signed by Judge Amit P. Mehta on 12/23/2021. (lcapm3) (Entered: 12/23/2021) |
| 12/23/2021 | 94 | ORDER granting Plaintiffs' 88 Motion for Extension of Time to Complete Service. See attached Order for additional details. Signed by Judge Amit P. Mehta on 12/23/2021. (lcapm3) (Entered: 12/23/2021) |
| 12/23/2021 | 95 | First MOTION to Dismiss *Amended Complaint* by ETHAN NORDEAN. (Smith, Nicholas) (Entered: 12/23/2021) |
| 12/23/2021 | 96 | First MOTION to Dismiss *Amended Complaint* by DEREK KINNISON. (Smith, Nicholas) (Entered: 12/23/2021) |
| 12/23/2021 | 97 | First MOTION to Dismiss *Amended Complaint* by FELIPE ANTONIO MARTINEZ. (Smith, Nicholas) (Entered: 12/23/2021) |
| 12/23/2021 | 98 | MOTION to Dismiss *Plaintiffs Amended Complaint* by BRANDON J. STRAKA. (Attachments: # 1 Text of Proposed Order)(Klein, Stephen) (Entered: 12/23/2021) |
| 12/23/2021 | 99 | ANSWER to 89 Amended Complaint by JOSEPH R. BIGGS.(Hull, John) Modified on 1/3/2022 (znmw). (Entered: 12/23/2021) |
| 12/23/2021 | 100 | |

| | | | |
|---|---|---|---|
| | | | MOTION to Dismiss *Amended Complaint*, MOTION to Dismiss for Lack of Jurisdiction by ROGER J. STONE, JR. (Buschel, Robert) (Entered: 12/23/2021) |
| 12/23/2021 | 101 | | *ANSWER AND AFFIRMATIVE DEFENSES* ANSWER to 89 Amended Complaint by ENRIQUE TARRIO.(Hull, John) Modified on 12/27/2021 to correct filed date (zjf). (Entered: 12/24/2021) |
| 12/23/2021 | 103 | | MOTION to Dismiss *for failure to state a claim*, MOTION to Dismiss for Lack of Jurisdiction *(personal and subject matter)* by DONALD J. TRUMP FOR PRESIDENT, INC., MAKE AMERICA GREAT AGAIN PAC, DONALD J. TRUMP. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Binnall, Jesse) Modified on 12/28/2021 to correct file date due to ECF outage (zjf). (Entered: 12/24/2021) |
| 12/23/2021 | 110 | | MOTION to Dismiss by KELLY MEGGS. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Haller, Juli) Modified on 12/27/2021 to correct file date (zjf). (Entered: 12/27/2021) |
| 12/23/2021 | 114 | | ANSWER to 89 Amended Complaint by THOMAS E. CALDWELL.(zeg) (Entered: 01/07/2022) |
| 12/23/2021 | 115 | | MOTION to Dismiss by THOMAS E. CALDWELL. (See Docket Entry 114 to view document). (zeg) (Entered: 01/07/2022) |
| 12/24/2021 | 102 | | MOTION to Dismiss for Lack of Jurisdiction *under FRCP Rule 12(b)(1)*, MOTION to Dismiss *for failure to State a Claim under FRCP Rule 12(b)(6)* by ZACHARY REHL. (Attachments: # 1 Memorandum in Support, # 2 Exhibit 1: FBI Interview Noted 302 redacted with Oath Keeper Person 10 Revealing Govt knew in May 2021 that allegations are false, # 3 Text of Proposed Order)(Moseley, Jonathon) (Entered: 12/24/2021) |
| 12/24/2021 | 104 | | *FIrst* ANSWER to 89 Amended Complaint, 91 Amended Complaint , ANSWER to 89 Amended Complaint, 91 Amended Complaint by RUSSELL TAYLOR.(Huish, Dyke) (Entered: 12/24/2021) |
| 12/24/2021 | 105 | | First MOTION for Extension of Time to File Answer re 104 Answer to Amended Complaint, by RUSSELL TAYLOR. (Huish, Dyke) (Entered: 12/24/2021) |
| 12/24/2021 | 106 | | MOTION for Extension of Time to *File Responsive Pleading* by DONALD J. TRUMP FOR PRESIDENT, INC., MAKE AMERICA GREAT AGAIN PAC, DONALD J. TRUMP. (Attachments: # 1 Exhibit 1, # 2 Text of Proposed Order)(Binnall, Jesse) (Entered: 12/24/2021) |
| 12/24/2021 | 107 | | MOTION to Strike 89 Amended Complaint *false allegations of racism and white supremacy pursuant to FRCP Rule 12(f)* by ZACHARY REHL. (Attachments: # 1 Memorandum in Support, # 2 Exhibit A: Tenets of Proud Boys, # 3 Exhibit B: Website of Proud Boys welcoming all races as members, # 4 Exhibit C: Bylaws of Philadelphia Proud Boys Prohibiting Racism or Ethnic Nationalism, # 5 Exhibit D: Election Results from District of Columbia, # 6 Exhibit E: Google Search Results, # 7 Exhibit F: USA Today, # 8 Exhibit G: Politico, # 9 Exhibit H: Washington Times, # 10 Exhibit I: Washington Examiner, # 11 Exhibit J Washingoton Post, # 12 Exhibit K: Fox 5 TV News, # 13 Text of Proposed Order)(Moseley, Jonathon) (Entered: 12/24/2021) |
| 12/24/2021 | 108 | | |

| | | |
|---|---|---|
| | | WITHDRAWN PURSUANT TO NOTICE FILED ON 12/27/2021..... MOTION for Leave to File *Motion to Dismiss, Memorandum in Support and Proposed form of Order* by KELLY MEGGS. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit One)(Haller, Juli); Modified on 12/28/2021 (ztth). (Entered: 12/24/2021) |
| 12/27/2021 | 109 | ANSWER to 89 Amended Complaint by ZACHARY REHL.(Moseley, Jonathon) Modified on 1/3/2022 (znmw). (Entered: 12/27/2021) |
| 12/27/2021 | 111 | NOTICE OF WITHDRAWAL OF MOTION by KELLY MEGGS re 108 MOTION for Leave to File *Motion to Dismiss, Memorandum in Support and Proposed form of Order* (Haller, Juli) (Entered: 12/27/2021) |
| 01/06/2022 | 112 | WAIVER OF SERVICE. MAKE AMERICA GREAT AGAIN PAC waiver sent on 12/7/2021, answer due 2/5/2022. (Caspar, Edward) (Entered: 01/06/2022) |
| 01/07/2022 | 113 | Memorandum in opposition re 107 MOTION to Strike 89 Amended Complaint *false allegations of racism and white supremacy pursuant to FRCP Rule 12(f)* filed by REGINALD CLEVELAND, JASON DEROCHE, BYRON EVANS, MICHAEL FORTUNE, GOVERNOR LATSON, MELISSA MARSHALL, DANNY MCELROY, CONRAD SMITH. (Attachments: # 1 Text of Proposed Order)(Caspar, Edward) Modified docket event/text on 1/7/2022 (zeg). (Entered: 01/07/2022) |
| 01/12/2022 | 116 | MOTION for Leave to File Excess Pages *for Consolidated Response to Motions to Dismiss* by REGINALD CLEVELAND, JASON DEROCHE, BYRON EVANS, MICHAEL FORTUNE, GOVERNOR LATSON, MELISSA MARSHALL, DANNY MCELROY, CONRAD SMITH. (Attachments: # 1 Text of Proposed Order)(Caspar, Edward) (Entered: 01/12/2022) |
| 01/13/2022 | | MINUTE ORDER granting Plaintiffs' 116 Motion for Expansion of Page Limit for Consolidated Response to Motions to Dismiss. Plaintiffs' response to the pending motions to dismiss shall not exceed 85 pages. Signed by Judge Amit P. Mehta on 01/13/2022. (lcapm3) (Entered: 01/13/2022) |
| 01/16/2022 | 117 | MOTION to Dismiss for Lack of Jurisdiction by RONALD MELE. (Bailey, Steven) (Entered: 01/16/2022) |
| 01/17/2022 | 118 | Memorandum in opposition to re 103 MOTION to Dismiss *for failure to state a claim* MOTION to Dismiss for Lack of Jurisdiction *(personal and subject matter)*, 98 MOTION to Dismiss *Plaintiffs Amended Complaint*, 102 MOTION to Dismiss for Lack of Jurisdiction *under FRCP Rule 12(b)(1)* MOTION to Dismiss *for failure to State a Claim under FRCP Rule 12(b)(6)*, 115 MOTION to Dismiss, 110 MOTION to Dismiss , 97 First MOTION to Dismiss *Amended Complaint*, 96 First MOTION to Dismiss *Amended Complaint*, 100 MOTION to Dismiss *Amended Complaint* MOTION to Dismiss for Lack of Jurisdiction , 95 First MOTION to Dismiss *Amended Complaint* filed by REGINALD CLEVELAND, JASON DEROCHE, BYRON EVANS, MICHAEL FORTUNE, GOVERNOR LATSON, MELISSA MARSHALL, DANNY MCELROY, CONRAD SMITH. (Attachments: # 1 Appendix)(Caspar, Edward) (Entered: 01/17/2022) |
| 01/18/2022 | 119 | NOTICE of Appearance by Paul Douglas Kamenar on behalf of ALI ALEXANDER (Kamenar, Paul) (Entered: 01/18/2022) |

| 01/18/2022 | 120 | MOTION to Dismiss by ALI ALEXANDER. (Kamenar, Paul) (Entered: 01/18/2022) |
|---|---|---|
| 01/20/2022 | 121 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. ALAN HOSTETTER served on 1/9/2022, answer due 1/30/2022 (Caspar, Edward) (Entered: 01/20/2022) |
| 01/24/2022 | 122 | LEAVE TO FILE DENIED− Request This document is unavailable as the Court denied its filing. "Leave to file is denied. The court does not have an "audio form" of the January 10th hearing. A written transcript may be ordered from the court reporter". Signed by Judge Amit P. Mehta on 1/24/2022. (zeg) (Entered: 01/24/2022) |
| 01/24/2022 | 123 | MOTION for Leave to File *as Amici Curiae in Support of Plaintiffs Opposition to Motions to Dismiss* by RECONSTRUCTION ERA SCHOLARS. (Attachments: # 1 Exhibit Exhibit A − Brief of Amici Curiae Reconstruction Era Scholars in Support of Plaintiffs Opposition to Motions to Dismiss, # 2 Exhibit Exhibit B − Proposed Order)(Klein, Eric) (Entered: 01/24/2022) |
| 01/27/2022 |  | MINUTE ORDER granting 123 Motion for Leave to File as Amicus Curiae in Support of Plaintiffs' Opposition to Motions to Dismiss filed by Movants Gregory P. Downs et al. ("Reconstruction Era Scholars"). As no Defendant opposes the motion, Reconstruction Era Scholars' Motion is granted. Signed by Judge Amit P. Mehta on 01/27/2022. (lcapm3) (Entered: 01/27/2022) |
| 01/28/2022 | 124 | REPLY to opposition to motion re 98 MOTION to Dismiss *Plaintiffs Amended Complaint* filed by BRANDON J. STRAKA. (Klein, Stephen) (Entered: 01/28/2022) |
| 01/28/2022 | 125 | Unopposed MOTION to Withdraw as Attorney *Jonathon Moseley in civil case, effective at Plaintiffs' request after the conclusion of Motions to Dismiss* by ZACHARY REHL. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Moseley, Jonathon) (Entered: 01/28/2022) |
| 01/31/2022 | 126 | REPLY to opposition to motion re 100 MOTION to Dismiss *Amended Complaint* MOTION to Dismiss for Lack of Jurisdiction filed by ROGER J. STONE, JR. (Buschel, Robert) (Entered: 01/31/2022) |
| 01/31/2022 | 127 | REPLY to opposition to motion re 127 MOTION to Dismiss *Reply Memorandum of Points and Authorities* by KELLY MEGGS. (Haller, Juli) Modified docket event/text on 2/2/2022 (zeg). (Entered: 01/31/2022) |
| 01/31/2022 | 128 | Memorandum in opposition to re 117 MOTION to Dismiss for Lack of Jurisdiction , 120 MOTION to Dismiss *by Defendants Mele and Alexander* filed by REGINALD CLEVELAND, JASON DEROCHE, BYRON EVANS, MICHAEL FORTUNE, GOVERNOR LATSON, MELISSA MARSHALL, DANNY MCELROY, CONRAD SMITH. (Caspar, Edward) (Entered: 01/31/2022) |
| 01/31/2022 | 129 | REPLY to opposition to motion re 103 MOTION to Dismiss *for failure to state a claim* MOTION to Dismiss for Lack of Jurisdiction *(personal and subject matter)* filed by DONALD J. TRUMP FOR PRESIDENT, INC., MAKE AMERICA GREAT AGAIN PAC, DONALD J. TRUMP. (Binnall, Jesse) (Entered: 01/31/2022) |
| 01/31/2022 | 130 |  |

| | | REPLY to opposition to motion re <u>95</u> First MOTION to Dismiss *Amended Complaint* filed by ETHAN NORDEAN. (Smith, Nicholas) (Entered: 01/31/2022) |
|---|---|---|
| 01/31/2022 | <u>131</u> | REPLY to opposition to motion re <u>97</u> First MOTION to Dismiss *Amended Complaint* filed by FELIPE ANTONIO MARTINEZ. (Smith, Nicholas) (Entered: 01/31/2022) |
| 01/31/2022 | <u>132</u> | REPLY to opposition to motion re <u>78</u> First MOTION to Dismiss *the Complaint* filed by DEREK KINNISON. (Smith, Nicholas) (Entered: 01/31/2022) |
| 02/02/2022 | <u>133</u> | ANSWER to <u>89</u> Amended Complaint by ALAN HOSTETTER.(zeg) (Entered: 02/07/2022) |
| 02/09/2022 | <u>134</u> | LEAVE TO FILE DENIED− Intervener's Motion This document is unavailable as the Court denied its filing. "Leave to file is denied. Putative intervenor has established neither standing nor grounds under Rule 24 for mandatory or permissive intervention". Signed by Judge Amit P. Mehta on 2/9/2022. (zeg) (Entered: 02/09/2022) |
| 02/09/2022 | <u>135</u> | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. STEWART RHODES served on 2/2/2022, answer due 2/23/2022 (Caspar, Edward) (Entered: 02/09/2022) |
| 03/07/2022 | <u>136</u> | LEAVE TO FILE DENIED− George E. McDermott; Motion. This document is unavailable as the Court denied its filing. "Leave to file is denied". Signed by Judge Amit P. Mehta on 3/7/2022. (zeg) (Entered: 03/08/2022) |
| 04/13/2022 | <u>137</u> | NOTICE re <u>125</u> MOTION to Withdraw as Attorney as to ZACHARY REHL. Attorney Jonathon Alden Moseley terminated. (Moseley, Jonathon) Modified event title and link on 4/27/2022 (znmw). (Entered: 04/13/2022) |
| 04/17/2022 | | MINUTE ORDER granting Unopposed Motion to Withdraw as Defendant's Counsel Jonathan Moseley for Defendant Zachary Rehl, ECF No. <u>125</u> . In view of Mr. Moseley's ongoing disciplinary matters, his motion to withdraw as counsel is granted. Mr. Moseley shall notify Mr. Rehl in writing that he is no longer representing him in this matter and advise Mr. Rehl that he may retain new counsel or proceed pro se, if he so wishes. Signed by Judge Amit P. Mehta on 04/17/2022. (lcapm3) (Entered: 04/17/2022) |
| 04/25/2022 | <u>138</u> | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Faith Gay, Filing fee $ 100, receipt number ADCDC−9193216. Fee Status: Fee Paid. by REGINALD CLEVELAND, JASON DEROCHE, BYRON EVANS, MICHAEL FORTUNE, GOVERNOR LATSON, MELISSA MARSHALL, DANNY MCELROY, CONRAD SMITH. (Attachments: # <u>1</u> Declaration)(Krock, Ronald) (Entered: 04/25/2022) |
| 04/25/2022 | <u>139</u> | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Joshua S. Margolin, Filing fee $ 100, receipt number ADCDC−9193263. Fee Status: Fee Paid. by REGINALD CLEVELAND, JASON DEROCHE, BYRON EVANS, MICHAEL FORTUNE, GOVERNOR LATSON, MELISSA MARSHALL, DANNY MCELROY, CONRAD SMITH. (Attachments: # <u>1</u> Declaration)(Krock, Ronald) (Entered: 04/25/2022) |
| 04/25/2022 | <u>140</u> | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Claire O'Brien, Filing fee $ 100, receipt number ADCDC−9193282. Fee Status: Fee Paid. by |

|  |  | REGINALD CLEVELAND, JASON DEROCHE, BYRON EVANS, MICHAEL FORTUNE, GOVERNOR LATSON, MELISSA MARSHALL, DANNY MCELROY, CONRAD SMITH. (Attachments: # 1 Declaration)(Krock, Ronald) (Entered: 04/25/2022) |
|---|---|---|
| 04/25/2022 | 141 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Denae S. Kassotis, Filing fee $ 100, receipt number ADCDC−9193319. Fee Status: Fee Paid. by REGINALD CLEVELAND, JASON DEROCHE, BYRON EVANS, MICHAEL FORTUNE, GOVERNOR LATSON, MELISSA MARSHALL, DANNY MCELROY, CONRAD SMITH. (Attachments: # 1 Declaration)(Krock, Ronald) (Entered: 04/25/2022) |
| 04/25/2022 | 142 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Douglas E. Wagner, Filing fee $ 100, receipt number ADCDC−9193344. Fee Status: Fee Paid. by REGINALD CLEVELAND, JASON DEROCHE, BYRON EVANS, MICHAEL FORTUNE, GOVERNOR LATSON, MELISSA MARSHALL, DANNY MCELROY, CONRAD SMITH. (Attachments: # 1 Declaration)(Krock, Ronald) (Entered: 04/25/2022) |
| 04/25/2022 |  | MINUTE ORDER granting 138 , 139 , 140 , 141 , 142 Motions for Leave to Appear Pro Hac Vice. Attorneys Faith Gay, Joshua S. Margolin, Claire O'Brien, Denae S. Kassotis, and Douglas E. Wagner are hereby admitted pro hac vice to appear in this matter. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Amit P. Mehta on 04/25/2022. (lcapm3) Modified document type on 4/27/2022 (zjd). (Entered: 04/25/2022) |
| 04/26/2022 | 143 | NOTICE of Appearance by Faith E. Gay on behalf of REGINALD CLEVELAND, JASON DEROCHE, BYRON EVANS, MICHAEL FORTUNE, GOVERNOR LATSON, MELISSA MARSHALL, DANNY MCELROY, CONRAD SMITH (Gay, Faith) (Entered: 04/26/2022) |
| 04/26/2022 | 144 | NOTICE of Appearance by Joshua S. Margolin on behalf of REGINALD CLEVELAND, JASON DEROCHE, BYRON EVANS, MICHAEL FORTUNE, GOVERNOR LATSON, MELISSA MARSHALL, DANNY MCELROY, CONRAD SMITH (Margolin, Joshua) (Entered: 04/26/2022) |
| 04/26/2022 | 145 | NOTICE of Appearance by Claire O'Brien on behalf of REGINALD CLEVELAND, JASON DEROCHE, BYRON EVANS, MICHAEL FORTUNE, GOVERNOR LATSON, MELISSA MARSHALL, DANNY MCELROY, CONRAD SMITH (O'Brien, Claire) (Entered: 04/26/2022) |
| 04/26/2022 | 146 | NOTICE of Appearance by Denae Kassotis on behalf of REGINALD CLEVELAND, JASON DEROCHE, BYRON EVANS, MICHAEL FORTUNE, GOVERNOR LATSON, MELISSA MARSHALL, DANNY MCELROY, CONRAD SMITH (Kassotis, Denae) (Entered: 04/26/2022) |
| 04/26/2022 | 147 | NOTICE of Appearance by Douglas Wagner on behalf of REGINALD CLEVELAND, JASON DEROCHE, BYRON EVANS, MICHAEL FORTUNE, GOVERNOR LATSON, MELISSA MARSHALL, DANNY MCELROY, CONRAD SMITH (Wagner, Douglas) (Entered: 04/26/2022) |
| 07/15/2022 | 148 | NOTICE OF WITHDRAWAL OF COUNSEL by JASON DEROCHE, BYRON EVANS, MICHAEL FORTUNE, GOVERNOR LATSON, MELISSA MARSHALL, DANNY MCELROY, CONRAD SMITH. (Washington, |

| | | | |
|---|---|---|---|
| | | | Adonne) Modified event type on 7/15/2022 (zjd). (Entered: 07/15/2022) |
| 07/15/2022 | 149 | | MOTION to Stay *Discovery Pending Resolution of Motion to Dismiss* by BRANDON J. STRAKA. (Attachments: # 1 Exhibit A − June 26, 2022 Letter from Plaintiffs Counsel, # 2 Exhibit B − E−mail Correspondence between counsel, # 3 Text of Proposed Order)(Klein, Stephen) (Entered: 07/15/2022) |
| 07/21/2022 | 150 | | MOTION for Protective Order by KELLY MEGGS. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Haller, Juli) (Entered: 07/21/2022) |
| 07/22/2022 | 151 | | MOTION TO JOIN DEFENDANT KELLY MEGGS MOTION FOR PROTECTIVE ORDER AT ECF150 re 150 MOTION for Protective Order by JOSEPH R. BIGGS. (Hull, John) Modified on 7/25/2022. Counsel has refiled pleading at Docket Entry 152 (zed). Modified on 7/26/2022 to reinstate pleading (zjm). (Entered: 07/22/2022) |
| 07/22/2022 | 152 | | MOTION TO JOIN DEFENDANT KELLY MEGGS MOTION FOR PROTECTIVE ORDER AT ECF 150 re 150 MOTION for Protective Order by ENRIQUE TARRIO. (Hull, John) (Entered: 07/22/2022) |
| 07/27/2022 | 153 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Marc Epstein, Filing fee $ 100, receipt number ADCDC−9398926. Fee Status: Fee Paid. by REGINALD CLEVELAND, JASON DEROCHE, BYRON EVANS, MICHAEL FORTUNE, GOVERNOR LATSON, MELISSA MARSHALL, DANNY MCELROY, CONRAD SMITH. (Attachments: # 1 Declaration, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Caspar, Edward) (Entered: 07/27/2022) |
| 07/27/2022 | 154 | | MOTION to Stay *Discovery and Other Proceedings* by DONALD J. TRUMP FOR PRESIDENT, INC., MAKE AMERICA GREAT AGAIN PAC, DONALD J. TRUMP. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Binnall, Jesse) (Entered: 07/27/2022) |
| 07/28/2022 | | | MINUTE ORDER granting 153 Motion for Admission of Attorney Marc P. Epstein to Appear Pro Hac Vice for Plaintiffs. Attorney Marc P. Epstein is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 7/28/2022. (lcapm2) (Entered: 07/28/2022) |
| 07/29/2022 | 155 | | Memorandum in opposition to re 152 Motion for Miscellaneous Relief, 150 Motion for Protective Order, 149 Motion to Stay, 151 Motion for Miscellaneous Relief, filed by REGINALD CLEVELAND, JASON DEROCHE, BYRON EVANS, MICHAEL FORTUNE, GOVERNOR LATSON, MELISSA MARSHALL, DANNY MCELROY, CONRAD SMITH. (Attachments: # 1 Declaration of Joshua S. Margolin, # 2 Margolin Declaration Exhibit 1 − June 22, 2022 Letter from J. Margolin to S. Klein, # 3 Margolin Declaration Exhibit 2 − July 14, 2022 Email Chain Between D. Kassotis and S. Klein, # 4 Margolin Declaration Exhibit 3 − July 21, 2022 Email Chain Between D. Kassotis and J. Haller, # 5 Margolin Declaration Exhibit 4 − July 21, 2022 Email Chain Among J. Margolin, D. Kassotis, and J. Hull, # 6 Text of Proposed Order)(Margolin, Joshua) (Entered: 07/29/2022) |
| 07/29/2022 | 157 | | NOTICE by THOMAS E. CALDWELL (zed) (Entered: 08/03/2022) |

| 08/01/2022 | 156 | NOTICE of Appearance by Marc Philip Epstein on behalf of All Plaintiffs (Epstein, Marc) (Entered: 08/01/2022) |
|---|---|---|
| 08/04/2022 | 158 | REPLY to opposition to motion re 149 MOTION to Stay *Discovery Pending Resolution of Motion to Dismiss* filed by BRANDON J. STRAKA. (Klein, Stephen) (Entered: 08/04/2022) |
| 08/10/2022 | 159 | Memorandum in opposition to re 154 Motion to Stay filed by REGINALD CLEVELAND, JASON DEROCHE, BYRON EVANS, MICHAEL FORTUNE, GOVERNOR LATSON, MELISSA MARSHALL, DANNY MCELROY, CONRAD SMITH. (Attachments: # 1 Declaration of Joshua S. Margolin, # 2 Margolin Declaration Exhibit 1 − June 22, 2022 Letter from J. Margolin to J. Binnall, # 3 Margolin Declaration Exhibit 2 − July 21, 2022 Email Chain Between D. Kassotis and J. Binnall, # 4 Margolin Declaration Exhibit 3 − August 1, 2022 Email Chain Between D. Kassotis and J. Binnall, # 5 Text of Proposed Order)(Margolin, Joshua) (Entered: 08/10/2022) |
| 08/12/2022 | 160 | RESPONSE re 157 Notice (Other) *in Opposition to Defendant Thomas E. Caldwell's Motion to Join Defendant Brandon Straka's Motion to Stay Discovery and Defendant Kelly Meggs's Motion for a Protective Order* filed by REGINALD CLEVELAND, JASON DEROCHE, BYRON EVANS, MICHAEL FORTUNE, GOVERNOR LATSON, MELISSA MARSHALL, DANNY MCELROY, CONRAD SMITH. (Attachments: # 1 Text of Proposed Order)(Margolin, Joshua) (Entered: 08/12/2022) |
| 08/17/2022 | 161 | REPLY to opposition to motion re 154 MOTION to Stay *Discovery and Other Proceedings* filed by DONALD J. TRUMP FOR PRESIDENT, INC., MAKE AMERICA GREAT AGAIN PAC, DONALD J. TRUMP. (Binnall, Jesse) (Entered: 08/17/2022) |
| 08/19/2022 | 162 | REPLY to opposition to motion re 150 MOTION for Protective Order filed by KELLY MEGGS. (Haller, Juli) (Entered: 08/19/2022) |
| 08/22/2022 | 163 | MEET AND CONFER STATEMENT. (Margolin, Joshua) (Entered: 08/22/2022) |
| 09/01/2022 | 164 | Consent MOTION to Withdraw as Attorney *MOTION TO WITHDRAW APPEARANCE (TARRIO)* by ENRIQUE TARRIO. (Hull, John) (Entered: 09/01/2022) |
| 09/02/2022 | | MINUTE ORDER denying without prejudice 164 Motion to Withdraw Appearance. Although the court understands counsel's difficulty in communicating with Mr. Tarrio, there is no exception to Local Civil Rule 83.6(c)'s requirement to notify the client of the motion to withdraw. Should counsel not know of Mr. Tarrio's detention facility, he may contact chambers to inquire. Signed by Judge Amit P. Mehta on 09/02/2022. (lcapm3) (Entered: 09/02/2022) |
| 09/30/2022 | 165 | ORDER STAYING CASE. Due to the start of trial in United States v. Rhodes, III, et al., No. 22−cr−15−APM (D.D.C.), and the overlapping defendants in that case and this one, the court hereby stays this matter in the interests of justice until the conclusion of trial in Rhodes. See attached Order. Signed by Judge Amit P. Mehta on 9/30/2022. (lcapm3) (Entered: 09/30/2022) |
| 11/04/2022 | 166 | |

| | | |
|---|---|---|
| | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Patrick Trainor, Filing fee $ 100, receipt number ADCDC−9649911. Fee Status: Fee Paid. by JOSEPH R. BIGGS. (Attachments: # 1 Declaration Declaration of Patrick Trainor, # 2 Exhibit Certificate of Good Standing)(Hull, John) (Entered: 11/04/2022) |
| 11/10/2022 | | MINUTE ORDER granting 166 Motion for Leave to Appear Pro Hac Vice. Attorney Patrick Trainor is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 11/10/2022. (lcapm3) (Entered: 11/10/2022) |
| 11/10/2022 | 167 | NOTICE of Appearance by Patrick Trainor on behalf of ZACHARY REHL (Trainor, Patrick) (Entered: 11/10/2022) |
| 11/28/2022 | 168 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Elizabeth H. Snow, Filing fee $ 100, receipt number ADCDC−9697655. Fee Status: Fee Paid. by REGINALD CLEVELAND, JASON DEROCHE, BYRON EVANS, MICHAEL FORTUNE, GOVERNOR LATSON, MELISSA MARSHALL, DANNY MCELROY, CONRAD SMITH. (Attachments: # 1 Declaration)(Krock, Ronald) (Entered: 11/28/2022) |
| 11/30/2022 | | NOTICE OF ERROR re 168 Motion for Leave to Appear Pro Hac Vice; emailed to rkrock@selendygay.com, cc'd 44 associated attorneys −− The PDF file you docketed contained errors: 1. **Please note the following deficiency and file/refile document as instructed**, 2. Pro Hac Vice motion must be accompanied by a Certificate of Good Standing issued within the last 30 days (LCvR 83.2(c)(2)). Please file certificate as an Errata (zjm, ) (Entered: 11/30/2022) |
| 11/30/2022 | 169 | ERRATA *(Certificate of Good Standing)* by REGINALD CLEVELAND, JASON DEROCHE, BYRON EVANS, MICHAEL FORTUNE, GOVERNOR LATSON, MELISSA MARSHALL, DANNY MCELROY, CONRAD SMITH re 168 Motion for Leave to Appear Pro Hac Vice,. (Krock, Ronald) (Entered: 11/30/2022) |
| 11/30/2022 | | MINUTE ORDER granting 168 Motion for Leave to Appear Pro Hac Vice. Attorney Elizabeth H. Snow is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 11/30/2022. (lcapm3) (Entered: 11/30/2022) |
| 12/23/2022 | 170 | MOTION for Protective Order *Regarding Premature Discovery Requests* by DONALD J. TRUMP FOR PRESIDENT, INC., DONALD J. TRUMP. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Binnall, Jesse) (Entered: 12/23/2022) |
| 01/04/2023 | 171 | MOTION for Order *to Stay Discovery* by ALI ALEXANDER. (Attachments: # 1 Text of Proposed Order)(Kamenar, Paul) (Entered: 01/04/2023) |
| 01/05/2023 | 172 | NOTICE of Appearance by Elizabeth Snow on behalf of REGINALD CLEVELAND, JASON DEROCHE, BYRON EVANS, MICHAEL FORTUNE, GOVERNOR LATSON, MELISSA MARSHALL, DANNY MCELROY, CONRAD SMITH (Snow, Elizabeth) (Entered: 01/05/2023) |

| 01/06/2023 | 173 | Memorandum in opposition to re 170 Motion for Protective Order filed by REGINALD CLEVELAND, JASON DEROCHE, BYRON EVANS, MICHAEL FORTUNE, GOVERNOR LATSON, MELISSA MARSHALL, DANNY MCELROY, CONRAD SMITH. (Attachments: # 1 Text of Proposed Order)(Margolin, Joshua) (Entered: 01/06/2023) |
|---|---|---|
| 01/10/2023 | 174 | MOTION for Protective Order , MOTION to Stay re 170 MOTION for Protective Order *Regarding Premature Discovery Requests* by ROGER J. STONE, JR. (Attachments: # 1 Text of Proposed Order)(Buschel, Robert) (Entered: 01/10/2023) |
| 01/13/2023 | 175 | REPLY to opposition to motion re 170 MOTION for Protective Order *Regarding Premature Discovery Requests* filed by DONALD J. TRUMP FOR PRESIDENT, INC., MAKE AMERICA GREAT AGAIN PAC, DONALD J. TRUMP. (Binnall, Jesse) (Entered: 01/13/2023) |
| 01/18/2023 | 176 | Memorandum in opposition to re 171 Motion for Order, 174 Motion for Protective Order, Motion to Stay filed by REGINALD CLEVELAND, JASON DEROCHE, MICHAEL FORTUNE, GOVERNOR LATSON, MELISSA MARSHALL, DANNY MCELROY, CONRAD SMITH. (Attachments: # 1 Text of Proposed Order)(Margolin, Joshua) (Entered: 01/18/2023) |
| 01/24/2023 | 177 | NOTICE OF WITHDRAWAL OF APPEARANCE as to REGINALD CLEVELAND, JASON DEROCHE, BYRON EVANS, MICHAEL FORTUNE, GOVERNOR LATSON, MELISSA MARSHALL, DANNY MCELROY, CONRAD SMITH. Attorney Douglas Wagner terminated. (Wagner, Douglas) (Entered: 01/24/2023) |
| 01/24/2023 | | MINUTE ORDER LIFTING STAY. With the conclusion of the trials in United States v. Rhodes, Case No. 22−cr−15, the stay in this matter is hereby lifted. Signed by Judge Amit P. Mehta on 01/24/2023. (lcapm3) (Entered: 01/24/2023) |
| 01/25/2023 | 178 | REPLY to opposition to motion re 171 MOTION for Order *to Stay Discovery* filed by ALI ALEXANDER. (Kamenar, Paul) (Entered: 01/25/2023) |
| 01/26/2023 | 179 | MEMORANDUM OPINION AND ORDER re 95 Nordean's Motion to Dismiss; 96 Kinnison's Motion to Dismiss; 97 Martinez's Motion to Dismiss; 98 Straka's Motion to Dismiss; 100 Stone's Motion to Dismiss; 102 Rehl's Motion to Dismiss; 103 Motion to Dismiss of President Trump, Donald J. Trump for President, Inc., and Make America Great Again PAC; 110 Meggs' Motion to Dismiss; 115 Caldwell's Motion to Dismiss; 117 Mele's Motion to Dismiss for Lack of Jurisdiction; and 120 Alexander's Motion to Dismiss. Please see attached Memorandum Opinion and Order. Signed by Judge Amit P. Mehta on 01/26/2023. (lcapm3) (Entered: 01/26/2023) |
| 01/26/2023 | 180 | ORDER finding as moot 149 Motion to Stay; finding as moot 150 Motion for Protective Order; finding as moot 151 Motion to Join re Protective Order; finding as moot 152 Motion to Join re Protective Order; finding as moot 154 Motion to Stay; granting in part and denying in part 170 Motion for Protective Order; finding as moot 171 Motion for Order; finding as moot 174 Motion for Protective Order and to Stay. See attached Order. Signed by Judge Amit P. Mehta on 01/26/2023. (lcapm3) (Entered: 01/26/2023) |
| 01/26/2023 | | MINUTE ORDER. All defendants against whom claims remain, except for President Trump, shall file their answer to the complaint by February 9, 2023, if |

| | | | |
|---|---|---|---|
| | | | they have not done so already. See Fed. R. Civ. P. 12(a)(4)(A). Signed by Judge Amit P. Mehta on 01/26/2023. (lcapm3) (Entered: 01/26/2023) |
| 01/27/2023 | 181 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 179 Order on Motion to Dismiss,,,,,,,,,,,,,,,,,,,,,,, Order on Motion to Dismiss/Lack of Jurisdiction,,,,, by DONALD J. TRUMP. Filing fee $ 505, receipt number ADCDC−9818091. Fee Status: Fee Paid. Parties have been notified. (Binnall, Jesse) (Entered: 01/27/2023) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CONRAD SMITH, *et al.*

               *Plaintiffs,*

v.

DONALD J. TRUMP, *et al.*

               *Defendants.*

Civil Case No. 1:21-cv-02265-APM

## NOTICE OF APPEAL

Defendant Donald J. Trump hereby gives notice of his appeal to the United States Court of Appeals for the D.C. Circuit from this Court's Memorandum Opinion and Order entered on January 26, 2023 (DCD No. 179), denying, in part, his motion to dismiss, particularly as to this Court's denial of President Trump's assertion of the defense of absolute immunity.

Dated: January 27, 2023

Respectfully submitted,

/s/ Jesse R. Binnall
Jesse R. Binnall (VA022)
The Binnall Law Group, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Tel: (703) 888-1943
Fax: (703) 888-1930
Email: jesse@binnall.com
*Attorney for Donald J. Trump*
*Donald J. Trump for President, Inc.,*
*and Make America Great Again PAC*

1

## CERTIFICATE OF SERVICE

I certify that on January 27, 2023, a copy of the foregoing was filed with the

Clerk of the Court using the Court's CM/ECF system, which will send a copy to all

counsel of record.

/s/ Jesse R. Binnall

Jesse R. Binnall

*Attorney for Donald J. Trump*
*Donald J. Trump for President, Inc.,*
*and Make America Great Again PAC*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                    )
**CONRAD SMITH, *et al.*,**                         )
                                                    )
    **Plaintiffs,**                )
                                                    )
      **v.**            )
                                                    )        **Case No. 21-cv-02265 (APM)**
**DONALD J. TRUMP, *et al.*,**                      )
                                                    )
    **Defendants.**               )
_____)

## MEMORANDUM OPINION AND ORDER

### I.

    This case is another civil action before this court seeking redress for the events of January 6, 2021. Much like prior cases, Plaintiffs in this matter are U.S. Capitol Police Officers who were at the U.S. Capitol on January 6th.[1] *See Blassingame v. Trump*, No. 21-cv-858-APM (D.D.C.); *Moore v. Trump*, No. 22-cv-10-APM (D.D.C.); *Tabron v. Trump*, No. 22-cv-11-APM (D.D.C.); *Kirkland v. Trump*, No. 22-cv-34-APM (D.D.C.). Their allegations and claims are in all material respects similar to those made in earlier suits. Much like the predecessor cases, these Plaintiffs assert claims under (1) 42 U.S.C. § 1985(1), (2) 42 U.S.C. § 1986, and (3) the District of Columbia Bias-Related Crimes Act, D.C. CODE § 22-3704, as well as common law claims of (4) battery, (5) assault, and (6) negligence.

    What is unique about this case is the number and type of named defendants. The earlier actions focused mainly on former President Donald J. Trump and attempted to hold him liable for the events of January 6th. Those actions included a few individual defendants and some groups.

---

[1] Plaintiffs in this action are Conrad Smith, Danny McElroy, Byron Evans, Governor Latson, Melissa Marshall, Michael Fortune, Jason Deroche and Reginald Cleveland. Am. Compl., ECF No. 89, ¶¶ 11–18.

*See Thompson v. Trump*, No. 21-cv-400-APM (D.D.C.) (also naming Rudolph Giuliani, the Oath Keepers, Proud Boys International, Warboys LLC, and Enrique Tarrio); *Swalwell v. Trump*, 21-cv-586-APM (D.D.C.) (also naming Donald Trump, Jr., Representative Mo Brooks, and Giuliani). Plaintiffs in this matter, however, have named many more individual defendants—20 in total, including President Trump.  They also have named six entity defendants.[2]

Many but not all Defendants have moved to dismiss the complaint.[3]  The arguments they raise are in large part duplicative of those the court already considered and addressed in *Thompson v. Trump*, No. 21-cv-400-APM, 2022 WL 503384 (D.D.C. Feb. 18, 2022).  Because of this substantial overlap, the court in this memorandum opinion will fully address only those arguments that are made for the first time by these Defendants.  For those arguments that are the same as those asserted previously, the court simply will reference the *Thompson* opinion and fully incorporate the court's reasoning and decision here.

## II.

President Trump raises the same arguments he has in other cases for why the complaint must be dismissed against him at the threshold: (1) he is absolutely immune from suit for the acts

---

[2] The individual Defendants in this action include: (1) President Trump; (2) Ali Alexander; (3) Brandon J. Straka; and (4) Roger J. Stone, Jr.  The other individual Defendants are all alleged to be associated with a militia group.  From the Proud Boys, the complaint names (5) Enrique Tarrio; (6) Ethan Nordean; (7) Joseph. R. Biggs; (8) Zachary Rehl; (9) Charles Donohoe; and (10) Dominic Pezzola.  From the Oath Keepers, it names (11) Stewart Rhodes; (12) Thomas E. Caldwell; (13) Jessica Watkins; and (14) Kelly Meggs.  And, from the Three Percenters, it names (15) Alan Hostetter; (16) Russell Taylor; (17) Erik Scott Warner; (18) Felipe Antonio Martinez; (19) Derek Kinnison; and (20) Ronald Mele.  In addition to these 20 named defendants, Plaintiffs name 10 "John Doe" individual defendants. Plaintiffs also bring suit against the following entity defendants: (1) Donald J. Trump for President, Inc.; (2) Make America Great Again PAC; (3) Stop the Steal LLC; (4) Proud Boys; (5) Proud Boys International, LLC; and (6) Oath Keepers.

[3] The defendants who have moved to dismiss (in the order in which they appear on the docket) are: (1) Ethan Nordean, ECF No. 95; (2) Derek Kinnison, ECF No. 96; (3) Felipe Martinez, ECF No. 97; (4) Brandon J. Straka, ECF No. 98; (5) Roger Stone, ECF No. 100; (6) Zachary Rehl, ECF No. 102; (7) President Trump, Donald J. Trump for President, Inc., and Make America Great Again PAC, ECF No. 103; (8) Kelly Meggs, ECF No. 110; (9) Thomas Caldwell, ECF No. 115 [hereinafter Caldwell Mem.]; (10) Ronald Mele, ECF No. 117; and (11) Ali Alexander, ECF No. 120. All other Defendants have either filed an answer or not yet appeared.  The court notes that Defendant Caldwell's motion, in large part, joins in the other motions.  Caldwell Mem. at 1.  He also provides a list of 36 single-sentence reasons why the claims must be dismissed.  *Id.* at 1–2.  The court does not consider these undeveloped arguments.

2

alleged, and (2) the political question doctrine, res judicata and collateral estoppel, and the Impeachment Judgment Clause all bar judicial review of the claims against him. Defs.' Mot. to Dismiss, ECF No. 103, Defs.' Mem. in Supp. of their Mot., ECF No. 103-1 [hereinafter Trump Defs.' Mem.], at 9–22. The court rejects all of these arguments, except as to one claim, for the same reasons it did in *Thompson*. *See Thompson*, 2022 WL 503384, at *11–24. As it did in *Thompson*, the court will dismiss the § 1986 claim against President Trump on immunity grounds. *See id.* at *19.

## III.

Two Defendants, Stone and Mele, argue that Plaintiffs lack constitutional standing because they have not plausibly alleged the essential element of causation. Def. Roger Stone's Mot. to Dismiss Compl., ECF No. 76 [hereinafter Stone Mot.], Mem. of P. & A. in Supp. of Def's Mot., ECF No. 76 [hereinafter Stone Mem.], at 6–7; Def. Ronald Mele's Mot. to Dismiss the Am. Compl., ECF No. 117 [hereinafter Mele Mem.], at 6. But these arguments misunderstand the standing inquiry. When assessing Article III standing, courts must assume the merits of the plaintiff's claims. *Est. of Boyland v. Dep't of Agric.*, 913 F.3d 117, 123 (D.C. Cir. 2019). The court therefore must start from the premise that Defendants did participate in the alleged conspiracies and did aid and abet the common law torts of assault and battery. Viewed in that way, Plaintiffs easily have established the element of causation.

Defendants Nordean and Kinnison argue that Plaintiffs lack standing because they do not have the right to seek redress for injuries to third parties. Def. Nordean's First Mot. to Dismiss the Am. Compl., ECF No. 95 [hereinafter Nordean Mem.], at 8–10; Def. Kinnison's First Mot. to Dismiss the Am. Compl., ECF No. 96 [hereinafter Kinnison Mem.], at 6–8. This argument rests on a misunderstanding of the claims asserted under § 1985(1), § 1986, and the District of Columbia

3

Bias-Related Crimes Act ("BRCA").  It is true that the conspiracies allegedly targeted various political actors to prevent them from performing their duties on January 6th.  But what Plaintiffs seek to remedy is not the injuries of those actors but their own.

To the extent Defendants' arguments can be interpreted as a challenge to Plaintiffs' *statutory* standing to advance the claims—that is, that Plaintiffs lack a cause of action—they are also wrong.  *See also* Def. Straka's Mot. to Dismiss Pls. Am. Compl., ECF No. 98 [hereinafter Straka Mem.], at 10–13 (arguing that to be actionable the § 1985(1) conspiracy must be directed "at *the officer's* duties").  Section 1985 authorizes a "party" that is "injured in his person or property" to bring suit to recover damages for such injury against any "one or more of the conspirators" of a conspiracy proscribed by § 1985(1).  42 U.S.C. § 1985(3).  Similarly, Section 1986 provides that a person who neglects or refuses to act "shall be liable to the party injured . . . for all damages caused by such wrongful act."  And the BRCA provides a remedy for "any person who incurs injury" as a result of the violation of the Act.  D.C. CODE § 22-3704(a).  As injured persons, Plaintiffs plainly have statutory standing to assert these claims.

## IV.

Defendants Donald J. Trump for President, Inc. ("Trump Campaign") and Make America Great Again PAC ("Trump PAC") maintain that the court lacks personal jurisdiction over them.  Trump Defs.' Mem. at 31–34.  But this contention plainly fails; at a minimum, the court has specific jurisdiction over the Trump Campaign because it is alleged to have "planned and organized the January 6 rally" and "helped plan [for a] march" after the rally, which "the event permit prohibited."  Am. Compl., ECF No. 89, ¶ 84.  Plaintiffs allege that the rally and unpermitted march were essential elements of the conspiracy that led to their injuries.  *See, e.g.*, *id.* ¶ 116 (alleging the Trump Campaign "retweeted several tweets referring to the event as a march"), *id.*

4

¶ 126 (alleging that the rally attendees who marched to the Capitol were used as a "cover and to reinforce [Individual Defendants] so they could overwhelm law enforcement"). Those allegations are sufficient to establish specific jurisdiction over the Trump Campaign under the District of Columbia long-arm statute. *See* D.C. CODE § 13-423(a)(1) ("transacting any business in the District of Columbia"), *id.* § 13-423(a)(3) ("causing tortious injury in the District of Columbia by an act or omission in the District of Columbia").

As for the Trump PAC, it is unclear to the court whether it is a successor organization to the Trump Campaign or a separate entity. The Trump Campaign and the Trump PAC concede that "[t]hey are, in essence, the same legal entity filed under the same [Federal Election Commission] number." Trump Defs.' Mem. at 34. Yet, at the same time, they say that "the transition from the Campaign to Make America Great Again PAC took place after all the alleged actions in this case." *Id.* If the Trump PAC is a true successor entity to the Trump Campaign, then the court would have personal jurisdiction over it; if it is a separate entity, it is doubtful that the court does, as Plaintiffs have not alleged any conduct by the PAC (presumably because it did not exist as of January 6th). Given the lack of clarity regarding the relationship between the two entities, it would be premature to dismiss the Trump PAC from this action.

## V.

Several Defendants argue that all claims must be dismissed against them because they rest exclusively on First Amendment protected activities. *See* Trump Defs.' Mem. at 24–31; Stone Mem. at 22–28; Nordean Mem. at 26–30; Kinnison Mem. at 22–26; Def. Martinez's First Mot. to Dismiss the Am. Compl., ECF No. 97 [hereinafter Martinez Mem.], at 1–2; Def. Rehl's Mot. to Dismiss the Am. Compl. for Failure to State a Claim, ECF No. 102 [hereinafter Rehl Mem.], at

5

29–34; Mele Mem. at 19–24; Mot. of Def. Alexander to Dismiss Pls.' Am. Compl., ECF No. 120 [hereinafter Alexander Mem.], at 20–22.[4]  The court agrees with some Defendants but not others.

As to President Trump, the court rejects his First Amendment defense for the same reasons it did in *Thompson.  See Thompson*, 2022 WL 503384, at *39–46.

With respect to Nordean, Kinnison, Martinez, Rehl, and Mele, each is alleged to have engaged in acts other than protected expression.  Nordean and Rehl, for example, purportedly organized and planned with other Proud Boys to attack the Capitol.  Am. Compl. ¶ 99 (alleging Nordean and Rehl were part of the "Ministry of Self Defense," which "was intended to help coordinate the Capitol Attack").  They also were among the first people to break through the security perimeter on the west side of the Capitol and charge towards the building.  *Id.* ¶¶ 125–126.  Kinnison and Martinez are alleged to have coordinated with others in advance of January 6th, and they were among the rioters on the Upper West Terrace.  *Id.* ¶¶ 99, 101, 134.  Mele is alleged to have, before January 6th, (1) joined a chat whose alleged purpose was to "organize a group of fighters to have each other's backs and ensure that no one will trample on our rights," *id.* ¶ 99(a), (2) brought weapons and tactical gear to Washington, D.C., *id.* ¶ 101, and (3) made his way to the Upper West Terrace, where he posted a video proclaiming, "We stormed the Capitol," *id.* ¶ 140(e).  These are not First Amendment-protected activities.

The court reaches a different conclusion as to Stone and Alexander.  The court views them much the way it did Giuliani and Trump Jr. in *Thompson.  See* 2022 WL 503384, at *46–47.  None of their alleged speech is unprotected expression under *Brandenburg v. Ohio*, 395 U.S. 444, 447 (1969) (holding that speech falls outside the First Amendment if it is "directed to inciting or

---

[4] Defendant Martinez has filed what is in effect a "me too" brief, joining Defendant Kinnison's brief.  *See* Martinez Mem. at 1.  Accordingly, the court cites to Martinez's brief only when he has made a fact-specific argument about himself.

producing *imminent* lawless action and is likely to incite or produce such action") (emphasis added). Moreover, neither is alleged to have participated in the attack on the Capitol on January 6th nor done anything in support of the alleged conspiracy other than engage in protected expression. Plaintiffs allude to Stone's interactions with the Proud Boys and Oath Keepers, *id.* ¶¶ 86, 98, but these allegations do not allege any unlawful activity by Stone with respect to these groups. Alexander also is alleged to have had contacts with the Proud Boys, but not for any unlawful purpose. *Id.* ¶ 103(d) (alleging Alexander "spoke with Proud Boys about accommodations in Washington, D.C."). Accordingly, the court dismisses all claims against Stone and Alexander.[5]

## VI.

In this section, the court addresses various arguments made by Defendants for why Plaintiffs have failed to state a claim under § 1985(1). The court does not consider in this section whether Plaintiffs have adequately alleged a conspiracy; that discussion comes in Section VII below.

Defendants Nordean, Kinnison, and Martinez, as well as the Trump Defendants, argue that Plaintiffs cannot sustain a claim under § 1985(1) because Members of Congress are not protected officials under that section. Nordean Mem. at 11–13; Kinnison Mem. at 9–11; Trump Defs.' Mem. at 35–37. The court rejects that argument for the reasons stated in *Thompson*, 2022 WL 503384, at *25–28.

The same Defendants also contend that Plaintiffs fail to state a § 1985(1) claim because Washington, D.C., does not qualify as a "State or Territory" for purposes of the statute. The

---

[5] The Trump Campaign says in passing that "[t]he First Amendment rights to the freedom of speech and the freedom to petition for redress of grievances would preclude [the claims] even if [they] were true ([they] are not)." Trump Defs.' Mem. at 33. The court declines to address this wholly underdeveloped argument.

7

D.C. Circuit, however, stated in *McCord v. Bailey* that the District is a "State or Territory" for purposes of § 1985(2).  636 F.2d 606, 617 n.15 (D.C. Cir. 1980).  The same must be true for § 1985(1), which employs the same "State or Territory" language.  Defendants dismiss footnote 15 in *McCord* as "dicta," Def. Nordean's Reply to Pls.' Opp'n to Nordean's Mem., ECF No. 130 [hereinafter Nordean Reply], at 7, but even if it is, *McCord*'s rationale is persuasive.  The *McCord* court followed the direction of the Supreme Court in *District of Columbia v. Carter* that the meaning of the term "State or Territory" "may vary to meet the purposes of the law."  409 U.S. 418, 420–21 (1973).  Defendants are therefore wrong that the term's meaning rests solely on the "plain meaning of the text."  Nordean Reply at 7.  Considering the purposes of § 1985(2), the court in *McCord* stated, "[a] rationale that would justify establishing the District as a conspiracy enclave is difficult to conceive."  636 F.2d at 617 n.15.  Even if this court is not bound by *McCord*'s purported "dicta," the court agrees with its reasoning.

Defendants Meggs and Rehl assert that a plaintiff can file suit under § 1985(1) only if the conspirators are state actors.  In other words, because Defendants are private citizens, they cannot have conspired under § 1985(1) as a matter of law.  Def. Meggs' Mot. to Dismiss Am. Compl., ECF No. 110 [hereinafter Meggs Mem.], at 20–24; Rehl Mem. at 14–18.  The plain text of the statute, however, provides a private right of action against "persons" and "conspirators." 42 U.S.C. § 1985.  And the Supreme Court has said about the similarly worded § 1985(3), "the words of the statute fully encompass the conduct of private persons." *Griffin v. Breckenridge*, 403 U.S. 88, 96 (1971).  The same must be true for § 1985(1).

The same two defendants assert that a claim under § 1985(1) requires the pleading of discriminatory animus.  Meggs Mem. at 25–27; Rehl Mem. at 14–17.  Discriminatory animus is not, however, an element of a § 1985(1) claim. *Bryant v. Mil. Dep't of Mississippi*, 597 F.3d 678,

688 (5th Cir. 2010) ("A cause of action under § 1985(1) requires no allegation of racial or class-based discriminatory animus."); *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1340 (7th Cir. 1977) (rejecting assertion that a § 1985(1) claim requires pleading and proving "invidious animus").

Relatedly, Defendants Nordean and Kinnison contend that Plaintiffs' claim is really one that should be brought under § 1985(3) because that section prohibits interference with "the federal voting process." Nordean Mem. at 15–17; Kinnison Mem. at 13–15. Defendants posit that because Plaintiffs cannot allege invidious discrimination as required by § 1985(3), they have improperly styled their claim as one under § 1985(1). Nordean Mem. at 15; Kinnison Mem. at 14. But this argument makes little sense. Plaintiffs are not alleging that Defendants conspired to deprive them of "equal protection of the laws, or of equal privileges and immunities under the laws," 42 U.S.C. § 1985(3); rather, their claim is premised on injury arising from an alleged conspiracy to interfere with federal actors in the performance of their duties, which is what § 1985(1) bars. As already discussed, a civil action is available to Plaintiffs because they are "persons" injured by the alleged conspiracy.

## VII.

The court now turns to the argument raised by nearly all Defendants: that Plaintiffs have failed to plead a plausible conspiracy to support a claim under § 1985(1). *See* Nordean Mem. at 17–21; Kinnison Mem. at 15–18; Straka Mem. at 9–10; Meggs Mem. at 24–27; Rehl Mem. at 28–29; Mele Mem. at 11–13. Curiously, the only Defendants that have not advanced that contention are the Trump Defendants. *See* Trump Defs.' Mem. at 35–37 (arguing that Plaintiffs have failed to state a claim only because Members of Congress are not federal officials protected under § 1985(1)). So, the court does not evaluate the adequacy of the conspiracy pleading as to the former President and the Trump Campaign.

**A.**

Before considering the specific allegations, the court first addresses the assertion made by Defendants Nordean and Meggs that the intracorporate conspiracy doctrine defeats the alleged conspiracy as a matter of law. Nordean Mem. at 20–21; Meggs Mem. at 26. According to them, applying the doctrine here means that they cannot have conspired with other members of their respective groups—Nordean with other Proud Boys and Meggs with other Oath Keepers. Under the intracorporate conspiracy doctrine, "an agreement between or among agents of the same legal entity, when the agents act in their official capacities, is not an unlawful conspiracy." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1867 (2017). The parties dispute whether the intracorporate conspiracy doctrine applies to civil rights statutes, and the circuits are split on the question. *See id.* at 1868 ("There is a division in the courts of appeals, moreover, respecting the validity or correctness of the intracorporate-conspiracy doctrine with reference to § 1985 conspiracies."); *Bowie v. Maddox*, 642 F.3d 1122, 1130–31 (D.C. Cir. 2011) (detailing split of authorities but not deciding the question). The court need not pick a side on that legal dispute, however, because it is apparent that the underlying rationale for the doctrine does not apply in this case.

Even those circuits that hold the intracorporate conspiracy doctrine applies to civil rights conspiracies have recognized exceptions. *See Bowie*, 642 F.3d at 1130. One exception is "where the corporate agents' actions were either unauthorized or motivated by 'an independent personal stake in achieving the corporation's illegal objective.'" *Id.* (quoting *Buschi v. Kirven*, 775 F.2d 1240, 1252 (4th Cir. 1985)). That exception applies here. Nordean and Meggs not only conspired with other members of their groups to advance the group's illegal objectives but acted also to accomplish their own unlawful objectives. Notably, both Nordean and Meggs stand individually charged with obstructing an official proceeding and aiding and abetting others in doing the same,

and Meggs has now been convicted. *See* Indictment, *United States v. Nordean*, 21-cr-175-TJK, ECF No. 380, at 25; Indictment, *United States v. Rhodes*, 22-cr-15-APM, ECF No. 167, at 34; Verdict Form, ECF No. 410. "The intracorporate conspiracy doctrine was created to shield corporations and their employees from conspiracy liability for routine, collaborative business decisions that are later alleged to be discriminatory." *Kivanc v. Ramsey*, 407 F. Supp. 2d 270, 275 (D.D.C. 2006) (internal quotation marks and citation omitted). Defendants' alleged acts on January 6th are far from the "routine, collaborative business decisions" the doctrine was designed to protect.

Defendants' argument fails for a second reason: Each is alleged to have conspired with others outside of their organizations. Am. Compl. ¶ 100 (asserting that, on December 19, 2020, Meggs sent through social media a message stating he had "organized an alliance" between the Proud Boys, Oath Keepers, and others, and said that the groups had "decided to work together"); *id.* ¶ 170(a) (alleging that all Defendants conspired with one another). The intracorporate conspiracy doctrine does not, of course, apply to conspiracies involving persons outside the organization.

**B.**

In *Thompson*, the court set forth the principles of civil conspiracy and now incorporates them here. *Thompson*, 2022 WL 503384, at *30. Critically, it is important to remember that to plead a civil conspiracy, a plaintiff "need *not* show that the members entered into any express or formal agreement, or that they directly, by words spoken or in writing, stated between themselves what their object or purpose was to be, or the details thereof, or the means by which the object or purpose was to be accomplished." *Id.* (internal quotation marks omitted). Some Defendants have argued that the absence of an express or formal agreement defeats the conspiracy claim. *See, e.g.*,

11

Mele Mem. at 12–13 (arguing that Plaintiffs "do not identify an actual meeting, discussion, or document that evidences any communication, let alone a conspiratorial agreement between Mr. Mele and the other defendants"). That is not a correct statement of the law.

Plaintiffs have sufficiently pleaded conspiracies involving those individual Defendants who acted with other members of their groups. The facts, if true, establish that Nordean and Rehl coordinated among themselves and others, and jointly, with others, attacked the Capitol building. Am. Compl. ¶¶ 99(d), 105, 125–126. Similarly, Kinnison, Martinez, and Mele are accused of coordinating among themselves and others prior to January 6th to bring weapons and tactical gear to Washington, D.C., *id.* ¶¶ 99(a), 101, and the three made their way to the Upper West Terrace, *id.* ¶¶ 134, 140(e). Meggs is alleged to have participated with others in extensive planning and preparation for January 6th, *id.* ¶¶ 100–104, and to have entered the Capitol building with other Oath Keepers, *id.* ¶¶ 135, 195, 215. These allegations are sufficient to establish a conspiracy as to those Defendants for purposes of § 1985(1).

Defendants say that the alleged larger conspiracy involving President Trump is far-fetched. The court in *Thompson* explained why it is at least plausible that the President joined in a § 1985(1) conspiracy with well-known militia groups, such as the Proud Boys and Oath Keepers. 2022 WL 503384, at *33–36. The conspiracy alleged in this case involving the President and the individual members of those groups (including the Three-Percenters) is therefore also plausible.

The court holds, however, that Plaintiffs have not alleged sufficient facts to establish Straka was part of the § 1985(1) conspiracy. Straka's alleged conspiratorial acts primarily involve protected First Amendment activities. Am. Compl. ¶ 72(a) (speaking to a rally in Detroit two months before January 6th); *id.* ¶ 108 (appearing at a rally on January 5th, although no words are attributed to him). Unlike other Defendants, Plaintiffs do not allege that Straka planned and

12

prepared with others to come to Washington, D.C., on January 6th. And, although Plaintiffs allege that Straka encouraged unidentified individuals to attack the Capitol building, *id.* ¶ 127, they do not contend that he engaged in those acts as part of any group or organized effort. These allegations are not enough to plausibly plead Straka as a participant in a § 1985(1) conspiracy.

### VIII.

Up next is Plaintiffs' claim under § 1986 (Count II). To sustain a § 1986 claim, the defendant must have the *"power* to prevent or aid in preventing the commission" of the wrongful act. 42 U.S.C. § 1986 (emphasis added). As the court observed in *Thompson*, "[f]ew courts appear to have addressed [the 'power'] element, but those finding the requisite power to be present have done so where the defendant was a government official or employee with some formal authority to act." 2022 WL 503384, at *38. Because neither Giuliani nor Trump Jr. possessed any "formal authority to act," the court in *Thompson* dismissed the § 1986 claim against them. *Id.*

Plaintiffs maintain that § 1986 reaches beyond those persons "who have some sort of formal authority." Pls.' Omnibus Mem. of Law in Opp'n to Mots. to Dismiss, ECF No. 118 [hereinafter Pls.' Opp'n], at 34. The court does not disagree. The court did not mean to imply in *Thompson* that only those persons acting under color of law can be held liable under § 1986. *See Vietnamese Fishermen's Ass'n v. Knights of Ku Klux Klan*, 518 F. Supp. 993, 1007 (S.D. Tex. 1981) (observing that "since the language authorizes suit against 'every person' there is no requirement of state action or color of law under § 1986").

However, it cannot be true that merely being a participant in the § 1985(1) conspiracy also makes one liable under § 1986. The statute imposes liability on persons *both* "having knowledge that any of the wrongs conspired to be done . . . are about to be committed" *and* "having power to prevent or aid in preventing the commission of the same." 42 U.S.C. § 1986. So, it cannot be that

13

every person who acquires knowledge of the wrong as a participant also possesses the power to prevent it. If that were the case, the "power" element would be rendered superfluous.

Plaintiffs' examples of what the movants could have done to prevent or aid in preventing the harms proves the point. Plaintiffs assert that movants "each had the power to prevent or aid in preventing the harms by, among other things, (1) not attacking the Capitol; (2) telling their followers and fellow attackers not to attack the Capitol; and (3) informing law enforcement of the plan to attack the Capitol." Pls.' Opp'n at 34. But examples (1) and (3) are acts that could have been performed by any co-conspirator, regardless of role, because such person would have knowledge of the wrongs about to be done. And as for (2), urging others to refrain from acting would only be effective in preventing the wrong if the person had the power to direct others to act.

To give meaning to the full text of the statute, the court thinks that to hold a private individual responsible under § 1986, the person must be someone with actual authority to compel others to act or refrain from acting. That approach is consistent with what Reconstruction-era legislators would have understood the term "power" to mean. *See* Noah Webster, A DICTIONARY OF THE ENGLISH LANGUAGE 300 (Rev. ed. 1856) (defining "power" to mean, among other things, "influence," "command," "the right of governing," "authority"); Noah Webster, A DICTIONARY OF THE ENGLISH LANGUAGE 328 (1867) (defining "power" to mean, among other things, "[e]xercise of any kind of control; influence; command," "[a]n individual, institution, or government, exercising control"). It means that the leader of the conspiracy or someone of higher rank within the conspiracy would qualify, but a mere foot solider would not. *See Lac du Flambeau Band of Lake Superior Chippewa Indians v. Stop Treaty Abuse-Wis., Inc.*, 759 F. Supp. 1339, 1352 (W.D. Wis. 1991) (finding a likelihood of success on the merits that an organization's

spokesperson had violated § 1986 in part because the "facts . . . tend[ed] to show [his] leadership role and influence" in the organization).

Here, Plaintiffs do not allege sufficient facts to plausibly establish that Nordean, Rehl, Caldwell, Meggs, Martinez, Kinnison, or Straka had the kind of role in their respective organizations that granted them the authority to direct others not to act.  Nordean is alleged to be an "Elder of [Proud Boys International, LLC]" and "president of his PROUD BOYS local chapter."  Am. Compl. ¶ 30.  Rehl is described as a "member" and "president of his local PROUD BOYS chapter."  *Id.* ¶ 32.  The complaint makes no allegations that would explain the power of an "Elder" or president of a local chapter.  Defendant Tarrio, on the other hand, is clearly designated to be the "leader of PROUD BOYS."  *Id.* ¶ 29.  Similarly, with respect to the Oath Keepers, Caldwell is alleged to have "conspired with" the Oath Keepers, and Meggs is alleged to be a "member of OATH KEEPERS."  *Id.* ¶¶ 37, 38.  Rhodes, by contrast, is identified as the "President and Director of OATH KEEPERS."  *Id.* ¶ 36.  And Martinez, Kinnison, and Mele are each said to be "a member of the Three Percenters."  *Id.* ¶¶ 43–45.  Straka's only affiliation is as "a promoter for STOP THE STEAL."  *Id.* ¶ 24.  Thus, none of the moving Defendants is alleged to have had the requisite "power" to be held liable under § 1986, and thus that claim is dismissed as to each of them.

## IX.

### A.

Having addressed Plaintiffs' federal claims, the court moves to Plaintiffs' District of Columbia law claims, starting with their statutory claim under the District of Columbia Bias-Related Crimes Act ("BRCA") (Count III).  That statute provides a civil cause of action for, as relevant here, "any person who incurs injury to his or her person or property as a result of an

15

intentional act that demonstrates an accused's prejudice based on the actual or perceived . . . political affiliation of a victim of the subject designated act," "[i]rrespective of any criminal prosecution or the result of a criminal prosecution." D.C. CODE § 22-3704. The statute defines "[d]esignated act" to mean a "criminal act, including . . . assault . . . and . . . inciting . . . assault." D.C. CODE § 22-3701(2). Defendant Mele argues that Plaintiffs have failed to plead "prejudice" based on "political affiliation of a victim" because "[a] staunch political disagreement over a contentious issue, and activities arising from it cannot be considered bias against a political affiliation as pled here." Mele Mem. at 16.

The court suggested that the BRCA claim alleged in *Thompson* suffered from this same shortcoming. 2022 WL 503384, at *48. There, Plaintiff Swalwell alleged that President Trump was "motivated by [Swalwell's] political affiliation as a political opponent of Donald Trump." *Id.* (alteration in original). The court observed that "[t]he term 'affiliation' is undefined in the statute; its ordinary meaning is 'the state of belonging to a particular religious or political group.' Opposing the President of the United States would not seem to fit that definition." *Id.* (quoting Affiliation, MERRIAM-WEBSTER'S DICTIONARY, https://www.merriam-webster.com/dictionary/affiliation). The court did not, however, dismiss the BRCA claim because President Trump had not made the argument. *Id.*

Here, Defendant Mele asserts the argument that President Trump did not in *Thompson*, and the court will dismiss the claim for the reasons stated in *Thompson.* The term "affiliation" means "a connection with a political party or religion, or with a larger organization." *Affiliation*, CAMBRIDGE DICTIONARY, https://dictionary.cambridge.org/us/dictionary/english/affiliation (last visited Sept. 21, 2022)). Plaintiffs here allege that the "victims of Defendants' criminal acts were Democratic members of Congress, some Republican members of Congress, and Vice President

16

Pence, whom Defendants perceived to be endorsing Democrats Joe Biden and Kamala Harris by announcing the election results." Am. Compl. ¶ 188. This allegation makes clear that Defendants' "prejudice" was not based on "political affiliation," as the statute requires—after all, both Democrats and Republicans are considered victims. Rather, their alleged "prejudice" was based on the opinion that they shared with President Trump, however misguided, that the presidential election had been stolen. The BRCA claim therefore does not rest on "an accused's prejudice based on the actual or perceived . . . political affiliation of a victim of the subject designated act." D.C. CODE § 22-3704.

**B.**

Plaintiffs' common law claims for battery (Count IV) and assault (Count V) are next. These claims rest on an aiding and abetting theory of liability. Am. Compl. ¶¶ 201, 207. The court incorporates the principles for aiding and abetting liability it set forth in *Thompson*. 2022 WL 503384, at *50–51.

The court already has held that facts similar to those alleged here make out a plausible basis for aiding-and-abetting liability against President Trump. *See Thompson*, 2022 WL 503384, at *50. As for Defendant Trump Campaign, it is not clear whether Plaintiffs allege that President Trump is an agent for the campaign, such that his acts can be imputed to the campaign. The court will not assume that he is. Plaintiffs contend that Defendant Trump Campaign aided and abetted the alleged assault and battery because it "organized and promoted the January 6 rally, and encouraged attendees to use any means necessary to prevent certification." Pls.' Opp'n at 45–46. But organizing and promoting the rally did not substantially assist those who assaulted and battered these Plaintiffs, and Plaintiffs point to no statement made by any campaign official on January 6th

17

that might be viewed as "[s]uggestive words . . . [that] plant[ed] the seeds of action." *Halberstam v. Welch*, 705 F.2d 472, 481–82 (D.C. Cir. 1983).

As for the individual movants, the court holds that Plaintiffs have made out a plausible claim of aiding-and-abetting liability. Plaintiffs have not alleged that any individual Defendant knew of or participated in the specific assault of any Plaintiff. The facts alleged, however, establish that these Defendants would have been aware that other rioters were assaulting law enforcement officers. They also establish that these Defendants provided substantial assistance to those who assaulted Plaintiffs by their actions at the Capitol on January 6th. Nordean and Rehl are alleged to be among the first people to breach the outer security perimeter at the Capitol grounds. Am. Compl. ¶¶ 125–126. Meggs is alleged to have entered the Capitol building with multiple Oath Keepers, adding to the chaos inside. *Id.* ¶¶ 135, 215. Although Caldwell did not enter the building, he was on the Capitol grounds and claimed afterwards to have been an "instigator" and "rabble rouser." *Id.* ¶ 140(a). Martinez and Kinnison are alleged to have breached barricaded areas on the Lower and Upper West Terraces, where some of the most violent fighting occurred between rioters and police officers. *Id.* ¶ 134. And Straka is alleged to have yelled directions and encouragement to other rioters and directed others to take a protective shield from a Capitol Hill police officer. *Id.* ¶ 127. These Defendants were not "[m]ere[ly] presen[t]"; they plausibly provided substantial assistance to those who assaulted Plaintiffs by breaching security lines, encouraging others to storm the building, and organizing large groups of individuals to overwhelm law enforcement. *See Halberstam*, 705 F.2d at 481.

## C.

The court now arrives at Plaintiffs' final claim of common law negligence. That claim is premised on a "negligence per se" theory: specifically, that a criminal statute supplies the standard

of care and a violation of law constitutes negligence.  Am. Compl. ¶¶ 213–218 (citing three

criminal statutes); *see Marusa v. District of Columbia*, 484 F.2d 828, 834 (D.C. Cir. 1973) (setting

forth "guidelines for determining whether violation of a criminal statute can create civil liability").

One Defendant, Mele, argues that this claim fails because none of the statutes Plaintiffs cite are

the type of criminal statute that District of Columbia law would recognize to support a negligence

per se theory.  Mele Mem. at 18–19.[6]  The court agrees.

    Under District of Columbia law, a "violation of a criminal statute can create civil liability."

*Marusa*, 484 F.2d at 834.  Courts, at a minimum, must make three inquiries: "[1] the law or

regulation should be one designed to promote safety; [2] the plaintiff must be 'a member of the

class to be protected' by the statute; and [3] the defendant must be a person upon whom the statute

imposes specific duties." *Id.*; *see also McNeil Pharm. v. Hawkins*, 686 A.2d 567, 579 (D.C. 1996).

Importantly, the statute offered to establish a standard of care "must not merely repeat the common

law duty of reasonable care, but must set forth 'specific guidelines to govern behavior.'" *McNeil*

*Pharm., 686 A.2d at 579* (quoting *Joy v. Bell Helicopter Textron, Inc.*, 999 F.2d 549, 558 (D.C.

Cir. 1993)).  For instance, in *District of Columbia v. Mitchell*, the plaintiff alleged a violation of a

statute requiring that the D.C. Department of Corrections be "responsible for the safekeeping, care,

protection, instruction, and discipline" of inmates at the Lorton Reformatory, but the court held

that "[w]e see nothing in the statute—certainly no specifics—that could give rise to a claim of

negligence per se."  533 A.2d 629, 639 (D.C. 1987); *see also Joy*, 999 F.2d at 558 (holding that

aviation regulation that "simply restates the general common law duty that pilots should exercise

reasonable care" did not require a negligence per se instruction).  By contrast, in *Marusa*, the court

held that a law making it a criminal offense to serve alcohol to persons who are intoxicated or

---

[6] Although only Mele raised this argument, because the issue is a legal one and applies equally to all movants, the court considers it as if raised by all movants.

appear to be intoxicated met the criteria for a negligence per se theory.  484 F.2d at 833–35.  The court reasoned that, as applied there, the statute imposed a duty on tavern owners meant to protect the general public from "inebriated persons."  *Id.* at 834.

The three criminal statutes on which Plaintiffs rely more closely resemble those at issue in *Mitchell* and *Joy* than *Marusa*.   D.C. CODE § 22-1322 provides that whoever "willfully engages . . . [or] incites or urges other persons to engage in a riot" of five or more persons is subject to criminal penalties.  Am. Compl. ¶¶ 213–214.  D.C. Code § 10-503.16(b)(6) bars individuals from "willfully and knowingly . . . engag[ing] in any act of physical violence upon the United States Capitol Grounds or within any of the Capitol Buildings."  Am. Compl. ¶¶ 215–216.  And 40 U.S.C. § 5104(e)(2)(F) makes it unlawful for individuals to "willfully and knowingly . . . engage in an act of physical violence in the Grounds or any of the Capitol Buildings."  Am. Compl. ¶¶ 217–218.  None of these statutes imposes "specific guidelines to govern behavior."  Rather, they are generally drawn statutes applicable to all and prohibit certain behaviors.  They therefore cannot sustain a claim of negligence per se.

## X.

Defendants Nordean and Kinnison contend that, under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), the court should abstain from adjudicating this matter in favor of the criminal cases filed against these Defendants and others.  Nordean Mem. at 31; Kinnison Mem. at 26–27.  In those cases, they argue, Plaintiffs can recover mandatory restitution under 18 U.S.C. § 3663A or discretionary restitution under 18 U.S.C. § 3663.  But *Colorado River* abstention does not apply here as that doctrine involves the limited circumstances in which federal courts defer to state court proceedings.  *See Colo. River*, 424 U.S. at 817; *Edge Inv., LLC v. District of Columbia*, 927 F.3d 549, 552 (D.C. Cir. 2019).

20

Defendants also suggest that the court should apply "first-to-file" principles in dismissing this action in favor of the criminal cases. But "first-to-file" has no application here. Those principles are meant to promote comity and orderly administration of justice where multiple suits between the same parties involving the same causes of action are filed in different federal courts. *See Washington Metro. Area Transit Auth. v. Ragonese*, 617 F.2d 828, 830 (D.C. Cir. 1980). It has no application as between civil and criminal proceedings.

## XI.

Having addressed the arguments for dismissal of claims, the court now takes up Defendants' arguments for dismissal of certain types of remedies.

Defendant Meggs contends that Plaintiffs cannot seek injunctive relief because, in essence, they lack standing to do so. Meggs Mem. at 16–19. The court agrees. To obtain injunctive relief, a plaintiff must establish that they are "likely to suffer future injury" from the conduct at issue. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983). That requires a showing that the plaintiff "face[s] an imminent threat of future injury." *In re Navy Chaplaincy*, 697 F.3d 1171, 1175 (D.C. Cir. 2012). Here, Plaintiffs fear that they "will face the same harm in 2025, if not sooner, as they did in 2021, when they seek to protect Congress's certification of the 2024 presidential election." Pls.' Opp'n at 85. Anticipating an injury more than two years into the future is the opposite of "imminent." It is nothing more than a "vague prediction[] of future . . . conduct" that is "insufficient to demonstrate the imminent threat of future injury necessary to support standing to seek injunctive relief." *In re Navy Chaplaincy*, 697 F.3d at 1176.

Lastly, in footnotes, Defendants Nordean and Kinnison contend that Plaintiffs cannot recover punitive damages for a violation of § 1985(1). Nordean Mem. at 21 n.7; Kinnison Mem. at 18 n.6. Because Defendants have not sufficiently developed these arguments, the court will

deny the request to dismiss the claim for punitive damages.  They may, however, raise the matter again at summary judgment.

## XII.

For the foregoing reasons, the court holds as follows:

The Motion to Dismiss Count I as to the claims arising under 42 U.S.C. § 1985(1) is GRANTED as to Defendants Straka, Stone, and Alexander, and DENIED as to all other moving Defendants;

The Motion to Dismiss Count II as to claims arising under 42 U.S.C. § 1986 is GRANTED as to all moving Defendants;

The Motion to Dismiss Count III as to claims arising under the BRCA is GRANTED as to all moving Defendants;

The Motion to Dismiss Count IV as to common-law claims of battery is GRANTED as to Defendants Trump Campaign, Stone, and Alexander, and DENIED as to all other moving Defendants;

The Motion to Dismiss Count V as to common-law claims of assault is GRANTED as to Defendants Trump Campaign, Stone, and Alexander, and DENIED as to all other moving Defendants;

The Motion to Dismiss Count VI as to common-law claims of negligence is GRANTED as to all moving Defendants; and

The Motion to Dismiss as to the remedy of injunctive relief is GRANTED as to all moving Defendants.

Dated:  January 26, 2023

Amit P. Mehta
United States District Court Judge

22

61