# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 23-7010

CONRAD SMITH, DANNY MCELROY, BYRON EVANS,
GOVERNOR LATSON, MELISSA MARSHALL,
MICHAEL FORTUNE, JASON DEROCHE,
AND REGINALD CLEVELAND,

Appellees,

v.

DONALD J. TRUMP, et al.,

Appellant.

## APPELLEES' MOTION TO CONSOLIDATE
## RELATED INTERLOCUTORY APPEALS

> Jon Greenbaum
> Edward G. Caspar
> LAWYERS' COMMITTEE FOR CIVIL
> RIGHTS UNDER LAW
> 1500 K St. NW, Suite 900
> Washington, DC 20005
> (202) 662-8600
> jgreenbaum@lawyerscommittee.org
> ecaspar@lawyerscommittee.org
>
> *Counsel for Appellees*

Appellees Conrad Smith, Danny McElroy, Byron Evans, Governor Latson, Melissa Marshall, Michael Fortune, Jason DeRoche, and Reginald Cleveland respectfully move pursuant to Federal Rule of Appellate Procedure 3(b)(2) to consolidate this interlocutory appeal (the "*Smith* Appeal") with the pending consolidated interlocutory appeals of the related cases *Blassingame v. Trump*, No. 22-5069, *Swalwell v. Trump*, No. 22-7030, and *Thompson v. Trump*, No. 22-7031 (together, the "*Blassingame* Appeals").

This Court's interests in judicial economy and consistent decisions are well served by granting Appellee's requested relief because the *Smith* and *Blassingame* Appeals involve the same issue regarding presidential immunity, the same Appellant, similarly situated Appellees, and overlapping facts. Indeed, this Court has already *sua sponte* consolidated the *Blassingame* Appeals because of their relation to each other. Crucially, as further explained below, the *Smith* Appeal presents a unique and important argument regarding presidential immunity that was not addressed in the *Blassingame* Appeals. Appellee proposes to address solely this argument in limited briefing within the current briefing schedule in the *Blassingame* Appeals.[1] Accordingly, neither Appellant nor the *Blassingame* Appellees would be

---

[1] Appellees would file their limited brief within ten days of the Court granting this motion, or at such other time as this Court directs, which could be prior to the already-scheduled March 16, 2023 due date for responsive briefs in *Blassingame*.

prejudiced were this Court to grant Appellees' requested relief. Appellant in this appeal and Appellees in the *Blassingame* Appeals do not consent to this motion and intend to file responses.

## BACKGROUND

The *Smith* and *Blassingame* Appeals arise out of the January 6, 2021 attack on Congress and the United States Capitol (the "January 6 Attack"). The sole Appellant in the *Smith* and *Blassingame* Appeals is former President Donald J. Trump. Appellees in the *Smith* Appeal are eight U.S. Capitol Police Officers who suffered physical and emotional harm while defending against the January 6 Attack (the "*Smith* Appellees"). Appellees in the *Blassingame* Appeals are two U.S. Capitol Police officers (in *Blassingame*), one U.S. Representative in his official capacity (in *Swalwell*), and numerous U.S. Representatives in their personal capacities (in *Thompson*) (together, the "*Blassingame* Appellees").

## PROCEEDINGS BELOW

The litigation giving rise to the *Smith* Appeal is one of four related cases initiated against Appellant arising out of the January 6 Attack. Three related cases gave rise to the *Blassingame* Appeals. *See Thompson v. Trump*, No. 21-cv-400-APM (D.D.C.) (filed Feb. 16, 2021); *Swalwell v. Trump*, No. 21-cv-586-APM (D.D.C.) (filed Mar. 5, 2021); *Blassingame v. Trump*, No. 21-cv-858-APM (D.D.C.) (filed

Mar. 30, 2021).[2] Although these four cases were not formally consolidated below, they all were designated as "related" and assigned to the Honorable Judge Amit Mehta in the U.S. District Court for the District Columbia. *See* Notice of Related Case, *Smith v. Trump*, No. 21-cv-2265 (D.D.C. Aug. 26, 2021), ECF No. 4.

Appellant moved to dismiss all four lawsuits, principally arguing that the Constitution forecloses the district court from exercising jurisdiction over President Trump for actions that he took while President of the United States. Defs.' Mem. Law Supp. Mot. Dismiss at 8-11, *Swalwell v. Trump*, No. 21-cv-586-APM (D.D.C. May 24, 2021), ECF No. 14-1 ("*Swalwell* MTD Br."); Defs.' Mem. Law Supp. Mot. Dismiss at 8-11, *Thompson v. Trump*, No. 21-cv-400-APM (D.D.C. May 26, 2021), ECF No. 22-1 ("*Thompson* MTD Br."); Def.'s Mem. Supp. Mot. Dismiss at 10-12, *Blassingame v. Trump*, No. 21-cv-858-APM (D.D.C. June 24, 2021), ECF No. 10-1 ("*Blassingame*" MTD Br."); Defs.' Mem. Law Supp. Mot. Dismiss at 9-13, *Smith v. Trump*, No. 21-cv-2265 (D.D.C. Dec. 24, 2021), ECF No. 103-1 ("*Smith* MTD Br.").

---

[2] Three subsequent lawsuits brought by *Blassingame* counsel nine months later against Appellant raised claims similar to those in *Blassingame* and covered the same course of conduct. Appellant filed nearly identical motions to dismiss in those subsequent cases, and the district court denied those motions in a consolidated order explicitly based entirely on its reasoning in *Blassingame*. *See Moore v. Trump*, No. 22-cv-00010-APM, 2022 WL 3904320, at *1 (D.D.C. Aug. 2, 2022). After Appellant appealed, this Court consolidated these three appeals *sua sponte* and held them in abeyance pending a resolution of the *Blassingame* Appeals. *See* Clerk's Order, *Moore v. Trump*, No. 22-7120 (consolidated with Nos. 22-7121, 22-7122) (D.C. Cir. Oct. 20, 2022).

4

Per Appellant, absolute immunity bars all claims against him because he had acted wholly within the outer perimeter of his presidential duties. *See Swalwell* MTD Br. 8-11; *Thompson* MTD Br. 8-11; *Blassingame* MTD Br. 10-12; *Smith* MTD Br. 9-13. Specifically, Appellant argued that he gave his January 6 speech and tweeted about the election in his official presidential capacity because speaking to the public on matters of public concern, such as election integrity, is central to a president's functions. *See Swalwell* MTD Br. 10-11; *Thompson* MTD Br. 10; *Blassingame* MTD Br. 10-12; *Smith* MTD Br. 12. Appellant also argued that the Constitution's Take Care Clause tasks the president with the duty and broad power to ensure the faithful execution of all laws, including the execution of a proper election, and he acted within that mandate when he commented on the Senate's certification powers. *See Swalwell* MTD Br. 10-11; *Thompson* MTD Br. 10; *Blassingame* MTD Br. 10-12; *Smith* MTD Br. 12. He asserted that he was not acting in his personal capacity as a candidate because the election was over, and his January 6 speech was not a campaign-sponsored event. *See, e.g.*, Reply Supp. Def.'s Mot. Dismiss at 6, *Blassingame v. Trump*, No. 21-cv-858-APM (D.D.C. Aug. 16, 2021), ECF No. 28; Defs.' Reply Supp. Mot. Dismiss at 5-9, *Smith v. Trump*, No. 21-cv-265-APM (D.D.C. Jan. 31, 2022), ECF No. 129.

The *Blassingame* Appellees and the *Smith* Appellees opposed dismissal in the district court on largely similar grounds. Each argued that Appellant acted beyond

the outer perimeter of his presidential power, including outside of any power within the scope of the Take Care Clause, to obstruct the Legislature from exercising a power clearly delegated to its governmental branch, not the Executive. *See* Pls.' Mem. Law Opp'n Def.'s Mot. Dismiss at 10-15, *Swalwell v. Trump*, No. 21-cv-586-APM (D.D.C. July 8, 2021), ECF No. 23; Pls.' Mem. Law Opp'n Def.'s Mot. Dismiss at 64-67, *Thompson v. Trump*, No. 21-cv-400-APM (D.D.C. July 1, 2021), ECF No. 29; Pls.' Opp'n Def.'s Mot. Dismiss at 9-16, *Blassingame v. Trump*, No. 21-cv-858-APM (D.D.C. July 22, 2021), ECF No. 21; Pls.' Mem. Law Opp'n Defs.' Mots. Dismiss at 25-34, *Smith v. Trump*, No. 21-cv-2265 (D.D.C. Jan. 17, 2022), ECF No. 118 ("*Smith* MTD Opp'n"). The *Blassingame* Appellees reiterate these arguments on appeal, Br. for Appellees at 23-43, *Blassingame v. Trump*, No. 22-5069 (D.C. Cir. Sept. 23, 2022), and the *Smith* Appellees would join those arguments if this motion is granted.

Importantly, however, in the district court, the *Smith* Appellees raised one additional argument not raised by the *Blassingame* Appellees on appeal. Namely, to properly resolve the immunity question, this Court's precedent requires the Court to focus on "the act complained of," *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1141 (D.C. Cir. 2015) (quoting *Barr v. Matteo*, 360 U.S. 564, 573 (1959)), that is, Appellant's participation in an agreement to attack Congress. Focusing on

Appellant's speech alone, *rather than on his participation in an agreement to attack Congress*, would not be consistent with this Court's precedent.

In reply, Appellant contended that he was acting in his official capacity, not as a candidate, because he was no longer a candidate for office on January 6, 2021, as the 2020 Presidential election had already occurred, and instead of urging his supporters to vote for a candidate for public office, he was communicating his opinion on Congressional actions. *See* Defs.' Reply Supp. Mot. Dismiss at 5-9, *Smith v. Trump*, No. 21-cv-2265-APM (D.D.C. Jan. 31, 2022), ECF No. 129. Appellant also argued that his speech was protected by the First Amendment. *Id.* at 9-16.

Following a consolidated oral argument in the three cases underlying the *Blassingame* Appeals, the district court issued a single decision on February 18, 2022, granting in part and denying in part Appellant's motion to dismiss and rejecting Appellant's assertion of presidential immunity, with one exception: the district court held that Appellant was immune as to the claim that he violated 42 U.S.C. § 1986 by failing to act to stop the January 6 Attack. *See Thompson v. Trump*, 590 F. Supp. 3d 46, 84 (D.D.C. 2022).

With respect to the instant *Smith* case, the district court issued a decision on January 26, 2023,[3] noting that the parties' arguments were "in large part duplicative"

---

[3] The same day, the district court issued an order staying discovery against Appellant pending resolution of his anticipated interlocutory appeal.

of and had "substantial overlap" with the arguments that the district court "already considered and addressed" in its decision underlying the three cases related to *Smith* in the *Blassingame* Appeals. *Smith v. Trump*, No. 21-cv-2265-APM, 2023 WL 417952, at *2 (D.D.C. Jan. 26, 2023), ECF No. 179. Accordingly, the district court "fully incorporate[d] [its] reasoning and decision" from the prior decision; rejected Appellant's assertion of immunity from the § 1985(1), battery, and assault claims, but found that Appellant was immune from the claim for violation of 42 U.S.C. § 1986. *Id.* The district court did not address the *Smith* Appellees' argument that the relevant conduct for purposes of Appellant's immunity claim — "the act complained of" — extends beyond the January 6 speech and a few tweets and consists instead of his participation in an agreement to attack Congress.

## **PROCEEDINGS IN THIS COURT**

Appellant filed three separate interlocutory appeals after the district court's consolidated ruling in the *Blassingame* cases on February 22, 2022. This Court consolidated the three separate appeals *sua sponte*. *See* Clerk's Order, *Blassingame v. Trump*, No. 22-5069 (D.C. Cir. Mar. 25, 2022).

This Court heard argument in the *Blassingame* Appeals on December 7, 2022. Neither the *Blassingame* brief nor oral argument address the important argument raised in the *Smith* Appeal concerning the need to focus on "the act complained of" in resolving Appellant's assertion of immunity.

On December 20, 2023, this Court invited the Department of Justice to file an amicus brief in the *Blassingame* Appeal on March 2, 2023, with any responsive briefs due on March 16, 2023. *See* Per Curiam Order, *Blassingame v. Trump*, No. 22-5069 (D.C. Cir. Dec. 20, 2022).

On January 27, 2023, Appellant filed this interlocutory appeal of the district court's ruling rejecting his assertion of presidential immunity in *Smith*. Notice of Appeal, *Smith v. Trump*, No. 23-7010 (D.C. Cir. Jan. 27, 2023). As with the *Blassingame* Appellees, the *Smith* Appellees have not cross-appealed against Appellant.

## **DISCUSSION**

The *Smith* Appeal should be consolidated with the pending *Blassingame* Appeals because all four appeals present the same legal question regarding the same locus of events and conduct by the same Appellant. Consolidation will not prejudice Appellant in either the *Smith* Appeal or the *Blassingame* Appeals. The *Smith* Appellees propose to raise only one unique argument presented to the district court but neither raised nor argued in the *Blassingame* Appeal in order to aid the Court in its resolution of the issue presented in both appeals. Argument has already taken place in the *Blassingame* Appeals, and as to the *Smith* Appeal, this Court could set an abbreviated briefing schedule (with or without argument) to address the unique argument presented in *Smith*.

I. **Consolidation Would Promote Judicial Economy and Consistent Decisions because the Appeals Involve the Same Parties and Ultimate Issue**

Under Rule 3(b)(2), this Court may consolidate a related case even if one of the related cases has been argued if doing so would be "in the interest of judicial economy and consistency of decisions," as it would be here. U.S. Court of Appeals for the District of Columbia Circuit, *Handbook of Practice and Internal Procedures* 48 (Mar. 16, 2021). This Court typically consolidates appeals from the same underlying judgment or order and may also consolidate "cases involving essentially the same parties or the same, similar, or related issues." *Id.* at 24. The district court already deemed the instant *Smith* Appeal related to the claims in the *Blassingame* Appeals and expressly applied identical reasoning to dispose of them. *See Smith*, 2023 WL 417952, at *2 ("The court rejects all of [Appellant's] arguments, except as to one claim, for the same reasons it did in *Thompson*.").

Consolidating the instant *Smith* Appeal with the *Blassingame* Appeals would further the interests of judicial economy and consistent decision-making by permitting this Court to resolve all four related appeals in a single decision. All involve the same Appellant, who agrees that the *Smith* Appeal and *Blassingame* Appeals are "based on similar facts." Br. for Appellant at vi, *Blassingame v. Trump*, No. 22-5069 (D.C. Cir. July 27, 2022). The *Smith* Appellees are U.S. Capitol Police officers who protected the Capitol from the January 6 Attack, just as did two of the *Blassingame*

10

Appellees. The *Blassingame* Appellees agree that the *Smith* Appeal involves "substantially similar parties and the same or similar issues." Br. for Appellees at iv, *Blassingame v. Trump*, No. 22-5069 (D.C. Cir. Sept. 23, 2022). The three claims at issue in the *Smith* Appeal — 42 U.S.C. § 1985(1), battery, and assault — are also at issue in the *Blassingame* Appeals. And in all four appeals, Appellant seeks interlocutory review of the same district court's determinations that Appellant may not assert presidential immunity from claims arising out of the same course of conduct relating to the January 6 Attack.

In the interests of judicial economy and consistent decision-making, the *Smith* Appellees propose to brief on an abbreviated schedule only one argument made below that was not presented in the *Blassingame* Appeals. This argument is that to properly resolve the immunity question, this Court's precedent requires it to focus on "the act complained of," *Banneker Ventures*, 798 F.3d at 1141 — *i.e.*, Appellant's participation in an agreement to attack Congress — rather than on related instances of Appellant's speech. Applying the "appropriate focus" to the conduct at issue is critical to the determination of the immunity question, *id.*, because depending on the "level of generality" at which one regards the conduct at issue, "almost any act that has any relationship to an overarching duty . . . will be immunized." *Id.* This Court's rationale in *Banneker Ventures* applies as well to any question of official immunity, whether the official was a transit authority board member, as in *Banneker Ventures*,

11

or the President of the United States, and it must be followed in these appeals. The "act complained of" by Appellees is Appellant's participation in the agreement to attack Congress, because that is the conduct that harmed them.[4] That act entailed, among other things, Appellant's planning, organizing, promoting, and arranging funding for the January 6 rally and insisting on the march to the Capitol, *see* Am. Compl. ¶¶ 9, 84, 177, *Smith v. Trump*, No. 21-cv-2265 (D.D.C. Dec. 3, 2021), ECF No. 89, the filing of numerous baseless lawsuits asserting false claims of election fraud, *see id.* ¶¶ 64-67, as well as his January 6 speech and relevant tweets in the weeks preceding January 6 to coordinate action with coconspirators. *See Smith* MTD Opp'n at 19-21, 52-57.

If the Court focuses on the act complained of in these related cases, as required by this Court's precedent, then the immunity question is easily resolved because participating in an agreement to attack Congress is not within "the 'outer perimeter' of [the president's] official responsibility." *Nixon v. Fitzgerald*, 457 U.S. 731, 756 (1982). Although the district court in *Smith* did not expressly address this argument,

---

[4] This agreement to attack Congress is a basis of Appellees' claim for conspiracy under 42 U.S.C. § 1985 and for their assault and battery claims. *See* Pls.' Mem. Law Opp'n Defs.' Mots. Dismiss at 44-48. The assault and battery claims also are premised on Appellant's aiding and abetting the torts through his knowing and substantial assistance to the primary tortfeasors. *See id.* Such conduct also falls outside the perimeter of a President's official responsibilities.

this Court may affirm the district court's legal determinations based on any ground supported by the record. *Meza v. Renaud*, 9 F.4th 930, 933 (D.C. Cir. 2021).

Granting consolidation need not delay the Court's resolution of the *Blassingame* Appeals and it will permit the Court to consider — most efficiently — the full panoply of relevant arguments. Although the parties to the *Blassingame* Appeals have submitted merits briefs and made oral argument, the amicus briefing requested by this Court will not be completed until March 16, 2023. Because the *Smith* Appellees seek to brief only one discrete argument, they are prepared to submit their limited briefing in 10 days on an abbreviated schedule. By contrast, proceeding without consolidation would result in full briefing on all issues to a new panel constituted for the *Smith* Appeals, requiring this Court to expend additional time and judicial resources and creating the possibility of inconsistent decisions.

## II.   Consolidation Will Not Prejudice Appellant or the *Blassingame* Appellees

Neither Appellant nor the *Blassingame* Appellees will be prejudiced by consolidation of this *Smith* Appeal with the pending *Blassingame* Appeals.

*First*, as noted, the *Smith* Appellees seek to brief only one discrete argument on a tight schedule and would otherwise rely on the briefing submitted by the *Blassingame* Appellees.  Responsive briefs on this one argument could be scheduled expeditiously and in parallel with briefing of any issues related to the *amicus* recently requested by the Court.  Delay, if any, would be minimal and does not outweigh

13

judicial efficiency and consideration of all relevant arguments on a common record in this important appeal.

*Second*, Appellant asserted the same grounds for presidential immunity in both the *Blassingame* cases and this one, and acknowledged that all four appeals are "based on similar facts." Br. for Appellant at vi, *Blassingame v. Trump*, No. 22-5069 (D.C. Cir. July 27, 2022). The unique argument that the *Smith* Appellees intend to brief here was raised below. *See Smith* MTD Opp'n at 52-57. Consolidation with briefing in this case limited solely to this argument would not surprise Appellant, just as it would not cause substantial delay.

## **CONCLUSION**

For these reasons, Appellees respectfully request that the Court consolidate the *Smith* Appeal with the pending consolidated appeals in *Blassingame v. Trump*, No. 22-5069, *Swalwell v. Trump*, No. 22-7030, and *Thompson v. Trump*, No. 22-7031, and permit limited supplemental briefing on an abbreviated schedule as specified above and any argument the Court deems appropriate.

Dated: February 27, 2023

Respectfully submitted,

/s/ *Edward G. Caspar*

Jon Greenbaum, DC Bar No. 489887
Edward G. Caspar, DC Bar No. 1644168
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K St. NW, Suite 900
Washington, DC 20005
(202) 662-8600
jgreenbaum@lawyerscommittee.org
ecaspar@lawyerscommittee.org

*Counsel for Appellees*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 3056 words. This motion also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using Microsoft Word in Times New Roman 14-point font, a proportionally spaced typeface.

Dated: February 27, 2023      /s/ *Edward G. Caspar*
                              Edward G. Caspar

# CERTIFICATE OF SERVICE

      I hereby certify that on February 27, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system. I also served a copy of the foregoing by electronic mail on counsel for the Appellees in the related cases *Blassingame v. Trump*, No. 22-5069, *Swalwell v. Trump*, No. 22-7030, and *Thompson v. Trump*, No. 22-7031 (D.C. Cir.)

Dated: February 27, 2023              /s/ *Edward G. Caspar*
                                                Edward G. Caspar