UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 23-7010

CONRAD SMITH, DANNY MCELROY, BYRON EVANS,
GOVERNOR LATSON, MELISSA MARSHALL,
MICHAEL FORTUNE, JASON DEROCHE,
AND REGINALD CLEVELAND,

Appellees,

v.

DONALD J. TRUMP, et al.

Appellant.

**APPELLEES' REPLY TO APPELLANT'S
OPPOSITION TO APPELLEES' MOTION TO CONSOLIDATE
RELATED INTERLOCUTORY APPEALS**

Jon Greenbaum
Edward G. Caspar
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW

Faith E. Gay
SELENDY GAY ELSBERG

*Counsel for Appellees*

In opposing Appellees' motion to consolidate, Appellant Trump wrongly argues that Appellees should have raised "the act complained of" principle as *amici curiae* in the *Blassingame* Appeal, that consolidation of these appeals would prejudice Appellant, and that consolidation would add nothing of value to the Appeal. Each of these arguments lack merit.

Filing an *amicus* brief would not have protected Appellees' interests in advocating for a correct determination of the presidential immunity issue because, "[o]rdinarily, [the Court] would not entertain an amicus' argument if not presented by a party . . . ." *Michel v. Anderson*, 14 F.3d 623, 625 (D.C. Cir. 1994); *accord Cook v. Food & Drug Admin.*, 733 F.3d 1, 5-6 (D.C. Cir. 2013).[1] Rather than seeking to advance any arguments made by the parties in the *Blassingame* Appeal, Appellees seek consolidation so that they may meaningfully advocate their additional substantive argument[2] for a proper resolution of the immunity issue before this Court and on review, if any, before the Supreme Court. Moreover, Appellant's suggestion that Appellees should have filed an *amicus* brief in the *Blassingame* Appeal before the district court even ruled on Appellant's motion to dismiss below is unreasonable.

---

[1] In *Michel* and *Cook*, this Court considered new arguments raised by *amici* because they concerned issues of standing (in *Michel*) and joinder (in *Cook*) that the Court could consider *sua sponte*. *See Michel*, 14 F.3d at 625; *Cook*, 733 F.3d at 5-6.

[2] Appellees' additional argument is detailed at pages 11-13 of Appellees' motion.

1

Appellant's claims of prejudice also lack substance. Appellant asserts that consolidation would deny him a full opportunity to address the "act complained of" argument. *See* Appellant's Opp'n Mot. Consolidate Related Interlocutory Appeals at 9, *Smith v. Trump*, No. 23-7010 (D.C. Cir. March 9, 2023) (Appellant's Opp'n Br.). Not so. Appellees have proposed that this Court allow both parties limited briefing on this exact issue, and such limited oral argument as the Court deems appropriate. In addition, Appellees raised this precise argument before the district court in their opposition to Appellant's motion to dismiss. *See* Pls.' Omnibus Mem. Law Opp'n Mot. Dismiss at 55-57, *Smith v. Trump*, No. 21-cv-2265-APM (D.D.C. Jan. 17, 2022), ECF 118. Appellant has known of this argument for more than a year and had the opportunity to address it before the district court.

Consolidating these appeals will allow this Court to consider all legal principles bearing on the critical question of presidential immunity. In particular, consolidation will allow this Court to fully consider its binding precedent requiring the immunity analysis to focus not just on Appellant's speech, but on "the act complained of," *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1141 (D.C. Cir. 2015)—that is, Appellant's active participation in the agreement to attack Congress. Highlighting the value of consolidation, Appellant's brief in opposition to the consolidation motion mischaracterizes Appellees' claims, inaccurately stating that they allege harm "as a result of President Trump's speech . . . on January 6,

2

2021," Appellant's Opp'n Br. at 3, rather than as a result of his participation in the agreement to attack Congress, *see* Am. Compl. ¶¶ 166-72, 199-210, *Smith v. Trump*, No. 21-cv-2265-APM (D.D.C. Dec. 3, 2021). It is precisely this kind of misdirection that consolidation of these appeals will help avoid.

Finally, it would be highly inefficient and prejudicial to Appellees for the Court to decide the immunity question while focusing solely on Appellants' speech and then to be asked to decide the same issue again in a separate appeal focusing not only on his speech, but on his participation in the agreement to attack Congress. This Court should decide the issue once, on proper grounds, in the first instance.

For the above reasons, Appellees respectfully request that this Court grant the *Smith* Appellees' motion for consolidation.

Dated: March 13, 2023                    Respectfully submitted,

                                         /s/ Edward G. Caspar
                                         Jon Greenbaum, DC Bar No. 489887
                                         Edward G. Caspar, Bar No. 64206
                                         LAWYERS' COMMITTEE FOR CIVIL
                                         RIGHTS UNDER LAW
                                         1500 K St. NW, Suite 900
                                         Washington, DC 20005
                                         (202) 662-8600
                                         jgreenbaum@lawyerscommittee.org
                                         ecaspar@lawyerscommittee.org

                                         Faith E. Gay, Bar No. 64216
                                         SELENDY GAY ELSBERG PLLC
                                         1290 Avenue of the Americas
                                         New York, NY 10104
                                         Tel: 212-390-9000

fgay@selendygay.com

*Counsel for Appellees*

## CERTIFICATE OF COMPLIANCE

This reply brief complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 627 words. This brief also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using Microsoft Word in Times New Roman 14-point font, a proportionally spaced typeface.

Dated: March 10, 2023            /s/ Edward G. Caspar
                                 Edward G. Caspar